MACOMBER & al. versus WRIGHT, and against the following persons as trustees, viz : —

BAISE, NASH & WRIGHT, partners in trade at Bowdoinham, under the firm-name of Baise, Nash & Co., and NASH & TANK, partners in trade, in Bowdoinham, under the firm-name of Nash & Tank.

In a process of foreign attachment, one member of a co-partnership cannot truly declare that *he* had no goods, effects or credits of the defendant, *if* the *co-partnership* had any.

One member of a co-partnership having so declared, and no interrogatories being put to him, he is entitled to be discharged.

When a person is summoned as trustee, who resides *out of* the county, he is entitled to the benefit of R. S. c. 119, § 27, although he be a member of a co-partnership whose place of business was *within* the county, and although all its members were summoned as trustees.

When one, summoned as trustee, appears by attorney, and files a declaration that he had not any goods, effects or credits of the defendant, the declaration, though not sworn to, is to be considered as true, and he will be discharged, *unless* the plaintiff chooses to proceed further in the examination.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding. PROCESS OF FOREIGN ATTACHMENT.

Three of the trustees were co-partners in trade, doing business in Bowdoinham in *this* county, under the firm-name of Baise, Nash & Co.

Two of the trustees were co-partners in trade doing business in the same place under the firm-name of Nash & Tank. Nash was a member of both co-partnerships, and his residence was in the *county of Cumberland.* He appeared by attorney at the return term of the writ. It was then agreed by the plaintiffs that the trustees might disclose at the next term, February, 1849, as of the return term. At said February term, Nash, by his attorney, filed a declaration that *he* had no goods, effects or credits of the defendant. At a subsequent term it was ruled that he be discharged with costs. To this ruling the plaintiffs excepted.

*Gould,* for the plaintiffs.

*Russell,* for the trustee.

SHEPLEY, C. J. — The members of two partnerships were summoned as trustees. Hervey Nash was a member of each. He resided in another county and appeared by his attorney and filed a declaration, that he had no goods, effects or credits of the principal defendant in his hands and possession at the time of the service of the writ upon him. He was discharged and allowed costs.

One error alleged is, that he should not have been discharged, because he answered for himself only and not for the partnership; and that the partnership may be adjudged to be the trustee of the principal.

No suit can be maintained in favor of or against a partnership in the partnership name. The persons composing it must sue and be sued; and a judgment can only be rendered against them. Each member is responsible for all the debts and liabilities of the partnership. They are his debts and liabilities. Each partner is not only a joint owner and possessor of all the goods and effects of the partnership, but he alone may dispose of them all. A suit against one member alone may be maintained on a claim against the partnership, unless he pleads in abatement the non-joinder of the other members. A plaintiff, when all the members are summoned as trustees, as they should be, may require disclosures to be made by all, but the answer of one, if truly made, will usually determine the liability of the others arising out of the transactions of the partnership.

Hervey Nash could not therefore answer truly, that he had no goods, effects or credits of the principal, if the partnership, of which he was a member, had any. As the plaintiff did not propose to proceed further to examine him upon oath, he was properly discharged.

Nash, it is said, was not authorized to make a declaration by his attorney, because the place of business of the partnership was alleged to have been within the county; and the partnership was summoned.

As before observed a partnership can be summoned only by a process against the persons composing it. And they

must appear and answer. Neither the plaintiff nor the Court can determine that a particular member shall make a disclosure for the partnership.

When one of the members resides in another county, he becomes entitled to the benefit of the provisions of the statute, c. 119, § 27, which are not limited to any particular character, in which the person is summoned.

It is further alleged, that Nash was not entitled to recover costs, because he did not submit himself to examination upon oath.

He was not required by the statute to submit himself to examination upon oath in the first instance.

The statute authorized him to appear by his attorney and declare, whether he had any goods or effects of the principal.

The following sections provide, if the plaintiff shall proceed no further, such declaration shall be considered to be true ; and if he thinks proper to examine the trustee on oath, his answers may be sworn to before a Judge of any Court or a justice of the peace.          *Exceptions overruled.*

TENNEY, RICE and APPLETON, J. J. concurred.