ARCHITECTURAL WOODCRAFT
COMPANY

v.

Lawrence A. READ.

Supreme Judicial Court of Maine.

Argued June 13, 1983.
Decided Aug. 22, 1983.

Jim Mitchell and Jed Davis, P.A. by James E. Mitchell (orally), Augusta, for plaintiff.

Defendant did not appear.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS and WATHEN, JJ.

NICHOLS, Justice.

A single set of spiral stairs leads to the complex legal issues now before us. In 1978 the Plaintiff, Architectural Woodcraft Company, a manufacturer of spiral staircases in North Vassalboro, entered a contract with the Defendant, Lawrence Read of Scotts Valley, California, for the construction of such a custom item. The Defendant paid a deposit, and, when the staircase was produced, the Plaintiff shipped it to Califor-

nia, C.O.D. When the staircase arrived, the Defendant paid the shipper by a personal check the balance due. Later discovering that the staircase had sustained damage in transit, the Defendant stopped payment on his check. He has retained the staircase.

In February, 1982, the Plaintiff filed a complaint in District Court, Waterville, seeking damages from the Defendant for breach of contract and conversion. The Defendant did not file an answer.

█ The Plaintiff duly requested a judgment by default; this was entered by the clerk on May 1, 1982. Approximately three weeks later, the District Court, on its own motion, vacated the judgment by default as improvidently granted because the claim was not for a sum certain.[1]

Next, the Plaintiff moved the District Court for entry of judgment by default. The court, again acting on its own motion, requested the Plaintiff to submit a memorandum of law on personal jurisdiction. The Plaintiff complied. On June 29, 1982, the District Court entered an order dismissing the complaint for want of personal jurisdiction over the Defendant.[2]

█ The Plaintiff appealed the order to Superior Court, Kennebec County. Once more, the Defendant did not appear. That court, on December 17, 1982, entered an order denying the appeal and affirming the order of the District Court. The Plaintiff then appealed to this Court.[3] We deny the appeal.

---

1. This ruling by the District Court was correct. The complaint sought both compensatory and punitive damages. Punitive damages are only properly awarded in the discretion of the fact finder after all aggravating and mitigating factors are weighed. *Hanover Ins. Co. v. Hayward,* 464 A.2d 156, 158 (Me.1983). A clerk cannot enter a default judgment under M.R. Civ.P. 55(b)(1) if punitive damages are requested in the complaint. We need not, and we do not, consider whether the compensatory damages sought by this Plaintiff constituted a "sum certain."

2. Along with its order the court entered findings of fact and conclusions of law. These stated in part that: "There is no allegation,

either by pleadings or by affidavit, that Defendant was ever in Maine or had any contact with Maine other than the ordering of the merchandise." Ultimately, the court concluded that the Defendant's minimum contacts with the State were insufficient to support the exercise of personal jurisdiction under the Maine long-arm statute. 14 M.R.S.A. § 704–A.

3. Again absent, the Defendant did not submit a brief or argue before this Court. One result of the Defendant's failure to defend this action is that it has waived any challenge to the Plaintiff's capacity to sue. This Court has never recognized the capacity of a limited partnership, as is the Plaintiff, to sue or be sued in its partnership name. *See Macomber v. Wright,*

At the threshold we must consider whether the District Court erred in raising *sua sponte,* and then ruling on, the issue of personal jurisdiction. Unlike subject matter jurisdiction, which may be acted on by the court at any time "by suggestion of the parties or otherwise," M.R.Civ.P. 12(h)(3), personal jurisdiction is normally waived as a defense if it is neither raised by motion nor set forth in a responsive pleading. M.R.Civ.P. 12(h)(1). Consistent with the concept of waiver, a court would not ordinarily be able to raise issues involving personal jurisdiction on its own motion.

◼ Where, however, a defendant has not appeared in an action and where due process issues are generated by the exercise of personal jurisdiction over him, the defense of lack of personal jurisdiction is not waived. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1391 at 203 (Supp.1979); Ellington, *Unraveling Waiver By Default,* 12 Ga.L.Rev. 181, 183–88 (1978).[4]

If constitutional issues with respect to the assertion of personal jurisdiction survive the nonappearance of a defendant, it follows that a court may properly take cognizance of such issues. It is axiomatic that: "A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere." *World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980); *see Pennoyer v. Neff,* 95 U.S. 714, 732–33, 24 L.Ed. 565 (1878). It would be anomalous indeed to bar a court from raising an issue regarding the constitutionality of its own assertion of personal jurisdiction when the failure to consider that issue would result in a judgment void *ab initio.*

◼ We do not read the waiver provision of Rule 12(h) as requiring a court to blithely render void and unconstitutional judgments when it is clear from the record that the court lacks personal jurisdiction over a nonappearing defendant. Therefore, we conclude that the District Court committed no error in raising on its own motion this jurisdictional issue.[5]

◼ The remaining issue on appeal is whether the District Court was correct in its substantive ruling that the contacts between the Defendant and the State of Maine were insufficient to permit the exercise of personal jurisdiction under the Maine long-arm statute, 14 M.R.S.A. § 704–A. Under that statute our sole inquiry is whether the exercise of personal jurisdiction would be constitutional as a matter of due process. *Foreside Common Development Corporation v. Bleisch,* 463 A.2d 767, 769 (Me.1983); *Tyson v. Whittaker,* 407 A.2d 1, 3 (Me.1979). We conclude that the District Court correctly ruled that it was without personal jurisdiction over this Defendant.

◼ The only contacts between the Defendant and the State of Maine arose from the purchase of the staircase. There is no allegation by complaint or affidavit that the Defendant ever set foot in Maine or conducted any other business here. The only "affiliating circumstances" of record in

35 Me. 156, 157 (1852); Field, McKusick & Wroth, *Maine Civil Practice* § 4.4 at 65 (2d ed. 1970). The defense of capacity must be raised "by specific negative averment." M.R.Civ.P. 9(a), or it will be deemed to be waived. *Gulick v. Board of Environmental Protection,* 452 A.2d 1202, 1202–03 n. 1 (Me.1982); *Royal Coachman Color Guard v. Maine Trading & Transportation, Inc.,* 398 A.2d 382, 384 n. 3 (Me.1979).

4. It is interesting to note that Wright and Miller formerly followed the strict view that constitutional challenges to the assertion of personal jurisdiction were waived even in a default situation. 5 C. Wright & A. Miller, *Federal Prac-* *tice & Procedure* § 1391 at 855–57 (1969). Following publication of Professor Ellington's persuasive article, Wright and Miller recognized that nonappearance would not constitute a waiver of constitutional objections to personal jurisdiction. Federal Rule 12(h) discussed in Wright & Miller and M.R.Civ.P. 12(h) are identical.

5. To the extent that anything we say here is inconsistent with views expressed in *Downing v. O'Brien,* 325 A.2d 526 (Me.1974), such earlier views no longer have controlling validity.

this case, *World-Wide Volkswagen,* 444 U.S. at 295, 100 S.Ct. at 566, are that the Defendant ordered the staircase from the Plaintiff, a firm which was located in Maine, and he communicated with the Plaintiff by telephone and mail with respect to that order.

██ Several recent cases which have involved comparable situations have uniformly concluded that the existence of a single contract with a resident plaintiff coupled with the use of interstate communications does not establish a basis for asserting jurisdiction over a nonresident defendant.[6] We agree with this proposition.

Except in a wholly attenuated sense, the Defendant in this action has not "purposefully avail[ed]" himself of the benefits of conducting activities within this State. *World-Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567; *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). We cannot conclude that by ordering the staircase and communicating with Plaintiff, the Defendant was put on notice that he could be haled into a Maine court. *World-Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567, *Tyson,* 407 A.2d at 4. Such ephemeral contacts do not satisfy due process.

The District Court correctly dismissed the complaint, and the Superior Court properly affirmed that dismissal.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

---

6. *See Mountaire Feeds, Inc. v. Agro Impex, S.A.,* 677 F.2d 651, 655 (8th Cir.1982); *Scullin Steel Company v. National Railway Utilization Corp.,* 676 F.2d 309, 313 (8th Cir.1982); *Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica,* 614 F.2d 1247, 1253–54 (9th Cir.1980); *Cives Corporation v. American Electric Power Company, Inc.,* 550 F.Supp. 1155, 1158 (D.Me.1982); *Fingerhut Gallery, Inc. v. Stein,* 548 F.Supp. 206, 210 (D.Minn. 1982); *Ruggieri v. General Well Service, Inc.,* 535 F.Supp. 525, 532–53 (D.Colo.1982).