Robert HUGHES, et al., Plaintiffs,

v.

**K–ROSS BUILDING SUPPLY CENTER, INC., and New Jersey Steel Company, Defendants.**

Civ. No. 84–0401–P.

United States District Court, D. Maine.

Jan. 9, 1986.

William L. Vickerson, Levenson, Levenson & Vickerson, Portland, Me., for plaintiffs.

Martha Gaythwaite, Harold Friedman, Friedman & Babcock, Portland, Me., for defendant K–Ross Bldg. Supply.

George Burns, Amerling & Burns, Portland, Me., for defendant N.J. Steel Corp.

## MEMORANDUM AND ORDER DENYING DEFENDANT NEW JERSEY STEEL CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

GENE CARTER, District Judge.

Defendant New Jersey Steel Company has filed a Motion to Dismiss for Lack of Personal Jurisdiction. In response, Plaintiff Robert Hughes asserts that New Jersey Steel has waived the right to challenge personal jurisdiction and further, that jurisdiction is proper.

### A. *Waiver*

Fed.R.Civ.P. 12(g) requires that a party making a motion under Rule 12 join other available Rule 12 defenses or waive them. It states: "If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion he shall not thereafter make a motion based on the defense or objection so omitted, except (as provided in subdivision (h)(2))." The defense of lack of jurisdiction over the person is not included in subsection (h)(2). Further, Rule 12(h)(1) states: "A defense of lack of jurisdiction over the person ... is waived (A) if omitted from a motion in the circumstances described in subdivision (g) or (B) if it is neither made by motion under this rule nor included in a responsive pleading...."

Plaintiff asserts that New Jersey Steel waived its personal jurisdiction defense when it filed a Motion for Summary Judgment in this case on November 15, 1985, which New Jersey Steel contended was also based on Fed.R.Civ.P. 12(b)(6). However, Plaintiff omitted from his memorandum that earlier in this litigation Defend-

ant New Jersey Steel filed a motion to dismiss enumerating all its Rule 12(b) defenses and requesting an extension of time of ten days after the Court's decision on the Motion to Dismiss for failure to state a claim upon which relief may be granted in which to file memoranda in support of New Jersey Steel's other dismissal theories. This motion was unopposed by the Plaintiff, and was never formally acted on by the Court although, pursuant to Local Rule 19(c), unopposed motions are routinely considered to be granted. Therefore, it is a complex question whether the Defendant can fairly be said to have waived its personal jurisdiction claim. However, the Court need not decide this issue because it is satisfied that it is fair and consistent with due process requirements to exercise jurisdiction over the Defendant New Jersey Steel Company.

### B. *Jurisdiction*

This is a diversity action and, therefore, Maine law governs the question of whether the Defendant is properly subject to the jurisdiction of this Court, although New Hampshire law is applicable to other aspects of the case. *Hahn v. Vermont Law School*, 698 F.2d 48, 49 (1st Cir.1983). Under Maine law, the limits of personal jurisdiction are coextensive with federal due process requirements. 14 M.R.S.A. § 704–A(1). *Architectural Woodcraft Co. v. Read*, 464 A.2d 210, 212 (Me.1983). The United States Supreme Court has prescribed a three-step analysis for determining whether jurisdiction may be asserted consistent with due process:

First, the defendant must have some contact with the forum state; if it does not, due process prohibits the exercise of *in personam* jurisdiction. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980). If the defendant has forum contacts, the court must proceed to the second step in its analysis: whether the suit arises out of or is related to defendant's forum contacts? The answer to this question determines the test to be applied in the third step of the analysis. If the suit arises out of or relates to the defendant's forum contacts, the critical question becomes whether the relationship among the defendant, the forum and the litigation forms a fair and reasonable foundation for the exercise of jurisdiction over the defendant. But if the cause of action does not arise out of and is not related to the defendant's forum contacts, the court considers only the relationship between the forum state and the foreign defendant.

*Kenerson, et al. v. Stevenson, et al.*, 604 F.Supp. 792, 794 (1985). *See also Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

New Jersey Steel concedes that it does some business in Maine and therefore automatic dismissal is not appropriate. Hughes does not argue that the injury alleged arose out of New Jersey Steel's contacts with Maine, but bases its argument that jurisdiction is proper on general jurisdictional principles.

General jurisdiction exists where "the Defendant engages in the 'continuous and systematic' pursuit of general business activities in the forum state." *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 216 (1st Cir. 1984). In this case, New Jersey Steel has shipped $6,000,000 worth of goods to Maine since January 1, 1980. New Jersey Steel maintains a sales customer list of over twenty Maine businesses across the state to which it sends a schedule every month announcing the availability of its products. A sales representative visits Maine every six weeks to sell New Jersey Steel's products. These facts evidence a substantial "continuous and systematic" pursuit of general business activities in Maine. *See Dynamic Concepts v. Modern Chain Manufacturing Co., Inc.*, 610 F.Supp. 285, 289 (D.R.I.1985).

Defendant New Jersey Steel asserts that the circumstances of this case are very similar to those of the *Glater* case in which the Court found that jurisdiction could not be exercised consistent with due process requirements. In *Glater*, as in this case,

the Defendant maintained no office and engaged in no manufacturing in the forum state. Similarly, it held no property there and was not registered to do business there. Its contacts with the forum state consisted of advertising and employing salesmen to solicit orders, which, as the Defendant argues, is very similar to the circumstances of this case.

The *Glater* Court, however, does not discuss the *amount* of business which the Defendant was doing in the forum state. This Court is convinced that the *Glater* Court would not have found that jurisdiction was impermissible under those circumstances if the Defendant in question were conducting business on the scale of New Jersey Steel in the State of Maine.[1]

New Jersey Steel also relies on *Jones v. North American Aerodynamics, Inc.*, 594 F.Supp. 657 (D.Me.1984). However, in that case the Court found that from 1971 to 1980 the Defendant shipped a total of $2,400 worth of goods into Maine out of a total volume of between 1.5 and 1.7 million dollars, never exceeding $750 per year.[2]

Based on the amount of business the Defendant carries out on a systematic basis in this state, this Court believes it is fair and consistent with due process requirements that New Jersey Steel be subject to the jurisdiction of this Court.

Accordingly, Defendant New Jersey Steel Company's Motion to Dismiss for Lack of Personal Jurisdiction is hereby DENIED.

So ORDERED.

---

1. The Court in *Glater* also emphasized the plaintiff's lack of contacts with the forum state, 744 F.2d at 217, although in *Jones v. North American Aerodynamics, Inc.*, 594 F.Supp. 657, 663 (D.Me. 1984), Judge Cyr concluded that the plaintiff's relationship to the forum is not relevant to a general jurisdiction determination.

2. These statistics covered sales made through the defendant's catalog. The record did not disclose the amount of sales made through advertising in other catalogs.