**CASCO STANDARDS, Plaintiff,**

v.

**VERICHEM LABORATORIES, INC., Defendant.**

Civ. No. 89–0208–P.

United States District Court, D. Maine.

Nov. 27, 1989.

---

James A. Hopkinson, Matthew B. Nichols, Portland, Me., for plaintiff.

Daniel W. Mooers, Portland, Me., John Boyajian, Providence, R.I., for defendant.

## MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

GENE CARTER, District Judge.

Plaintiff brings this action pursuant to the Lanham Act, 15 U.S.C. § 1125(a), alleging that Defendant engaged in deceptive trade practices through a comparative advertising campaign that has injured Plaintiff's business. Defendant filed a Motion to Dismiss this action under Fed.R.Civ.P. 12(b), claiming that the case should be dismissed because of a lack of *in personam*

jurisdiction and improper venue. Defendant maintains that it is not within the purview of the Maine "long arm" statute because it never engaged in "continuous and systematic" business in Maine and this claim for relief did not arise out of any of its contacts with the State of Maine.[1] The Court finds that this action did "arise out of" Defendant's actions within the state. Therefore, the Court will deny Defendant's Motion to Dismiss.

In its Complaint, Plaintiff alleged that Defendant employed a comparative advertising campaign that included false claims concerning both Plaintiff's and Defendant's products and which violated the Lanham Act, 15 U.S.C. § 1125(a). Attached to Plaintiff's Complaint are six pages of material that Plaintiff characterizes as the "comparative advertising material" (Exhibit A). In page one of this material, Defendant's products are explicitly compared with Plaintiff's products. The remaining five pages contain various claims and descriptions written by Defendant about Defendant's products. Thus, the false claims Plaintiff alleges Defendant made are contained in both the first page of the "comparative advertising material" and in pages two through six. Defendant admits in its memorandum to the Court that it sent pages two through six of Exhibit A to Maine.

Defendant contends that the Court lacks *in personam* jurisdiction because this action does not arise out of any of its contacts with the State of Maine. Defendant argues that Plaintiff's claims essentially concern the first page of the "comparative advertising material," which Defendant states it never sent to Maine. Defendant admits that it sent advertising brochures to Maine, but asserts that, while these brochures may have contained pages two through six of Plaintiff's Exhibit A, they did not contain page one of that exhibit.

---

1. The Court's decision to exercise *in personam* jurisdiction as a result of the action having arisen from Defendant's contacts with this forum makes it unnecessary for the Court to address Defendant's contention that *in personam* jurisdiction does not exist because its contacts in Maine were not "continuous and systematic."

Defendant also argues that the Lanham Act does not confer *in personam* jurisdiction or nationwide service of process. Because *in personam* jurisdiction exists under the Maine long arm statute, the Court will not address this argument.

Thus, Defendant concludes that this claim did not arise out of its contacts with Maine because Plaintiff's claim essentially arises from page one of Exhibit A, which Defendant maintains it never sent to Maine.

## DISCUSSION

Under Rule 4(e) of the Federal Rules of Civil Procedure, when subject matter jurisdiction is based on a federal claim, federal courts look to either the federal statute or to the long arm statute of the state in which the court sits to determine whether a defendant is amenable to service of process.[2] Fed.R.Civ.P. 4(e); *Johnson Creative Arts v. Wool Masters*, 743 F.2d 947, 950 (1st Cir.1984). The Maine long arm statute (14 M.R.S.A. § 704–A) provides, in pertinent part, that any person is subject to service of process and submits to *in personam* jurisdiction for any cause of action arising from the doing of an act concerning the transaction of business in the state or the causing of a tortious act to occur within the state. 14 M.R.S.A. § 704–A. The jurisdictional reach of the Maine statute is held to be coextensive with the reach permitted by the due process clause of the Fourteenth Amendment to the United States Constitution. *Id.; Hughes v. K–Ross Building Supply Center, Inc.*, 624 F.Supp. 1136, 1137 (D.Me.1986) *citing Architectural Woodcraft Co. v. Read*, 464 A.2d 210, 212 (Me.1983).

The first step in determining whether the Court may exercise *in personam* jurisdiction is to ascertain whether Defendant had some contact with the State of Maine. *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 215

(1st Cir.1984); *Jones v. North American Aerodynamics, Inc.*, 594 F.Supp. 657, 659 (D.Me.1984). Should the suit relate to or arise out of Defendant's contacts with Maine, the critical question becomes whether the "relationship among the defendant, the forum, and the litigation" forms a fair and reasonable foundation for the exercise of jurisdiction over the defendant. *Helicopters Nacionales de Colombia v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 215 (1st Cir.1984). Thus, since Defendant has acknowledged having some contacts with the State of Maine, the first issue is whether this suit relates to or arises out of Defendant's contacts.

Plaintiff's suit is based on the Lanham Act which states, in pertinent part, that a person is liable for making any false or misleading representation or description of fact in commerce, commercial advertising or promotion.[3] 15 U.S.C. § 1125(a). Defendant admits that it sent to Maine certain promotional materials which Plaintiff alleges contain false representations of fact that harm Plaintiff. Thus, this action arises from Defendant's contacts with the forum state.

Defendant argues that this suit should be dismissed for the following reasons: Plaintiff's pleading uses the term "comparative advertising campaign"; Plaintiff's pleading is primarily focused on alleged false comparisons; only the first page of Exhibit A contains an explicit comparison between Plaintiff's and Defendant's products; and Defendant never sent page one to Maine. Defendant maintains that since only some of Plaintiff's allegations refer to

---

**2.** As noted *supra* in n. 1, the Court will not address whether the Lanham Act implicitly authorizes service of a summons.

**3.** 15 U.S.C. § 1125(a) reads as follows:

(a) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(1) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,

connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

material it sent into Maine, this claim for relief did not arise out of its contacts with Maine. The Court finds Defendant's reasoning unfounded.

Defendant's characterization of Plaintiff's pleading is too narrow. Plaintiff, under the basic term "comparative advertising campaign," set out eight facts which it alleges Defendant represented and sent to Maine, cause it harm, and are false. Three of those facts appear on pages that Defendant admits, in its memorandum, it sent to Maine. Plaintiff, therefore, clearly states a claim for relief pursuant to the Lanham Act based on any or all of those three factual assertions.[4] That there may be some statements in Plaintiff's pleadings that are incorrect or arise from activities undertaken by Defendant outside of Maine does not have any impact on Plaintiff's statements that establish a valid claim for relief and arise out of Defendant's contacts with the State of Maine.[5] *See* Fed.R.Civ.P. 8(e) and 8(f). Thus, Plaintiff has stated a claim for relief that does arise from or is related to Defendant's contacts with the State of Maine.

The second issue the Court must analyze in order to determine whether it may exercise *in personam* jurisdiction over Defendant is whether, in light of the relationships between the forum, defendant, and the litigation, the maintenance of the suit would offend traditional notions of fair play. *Helicopters Nacionales de Colombia v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). In this action, Defendant purposefully sent the alleged false materials to Maine and the action arose from those materials. The Court finds that there is a fair and reasonable foundation for the Court to exercise *in personam* jurisdiction over Defendant be-

cause the materials were sent into Maine for the intended purpose of inducing purchases of Defendant's product line by persons subject to Maine laws residing in or doing business in Maine.

Defendant also maintained that the Court should dismiss this action because of improper venue. Venue may be exercised by a federal court in a civil action in the judicial district "in which the claim arose...." 28 U.S.C. § 1391(b). Because this action arose from Defendant's contacts with the State of Maine, Maine is an appropriate venue.

Accordingly, it is ORDERED that Defendant's Motion to Dismiss be, and it is hereby, DENIED.

---

**4.** Under the Federal Rules of Civil Procedure all that is required to state a claim upon which relief can be granted is to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8; *Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

**5.** The Federal Rules of Civil Procedure specifically allow for alternative pleading. Fed.R. Civ.P. 8(e). Furthermore, Pleadings should construed liberally so as to do substantial justice. *Foster Medical Corporation Employees' Pension Plan v. Healthco, Inc.*, 753 F.2d 194, 197 (1st Cir.1985).