STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. CV-04-572

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

APR 2 8 2005

RECEIVED

Terry Swett and Sandra Swett,
        Plaintiffs

        v.                                        ORDER

Pegasus Vans and Trailers, Inc.,
        Defendant


        This case comes before the Court on Defendant Pegasus Vans and Trailers,

Inc.'s Motion to Dismiss pursuant to Maine Rule of Civil Procedure 12(b)(2).

                                    FACTS

        Terry and Sandra Swett (Plaintiffs) of Bridgton, Maine, travel extensively

to horse and trade shows, where they sell custom-made vinyl signs to horse

breeders and exhibitors. In the course of their travels, Plaintiffs met and

negotiated with representatives of Pegasus Vans and Trailers, Inc. (Pegasus) for

the construction of a trailer the Plaintiffs could both live in and work from at

shows. Pegasus is a corporation, based in Sandusky, Ohio. The written contract

between Plaintiffs and Pegasus stipulated that the Plaintiffs' "custom trade show

trailer" would include living quarters and concession space, and cost $60,000.[1]

Later, the parties agreed to add additional features, increasing the cost to

Plaintiffs by $3285.

        After Pegasus delivered the trailer to Plaintiffs in Maine, several problems

became apparent. Eventually Plaintiffs sought to rescind their contract with

Pegasus, and have their money refunded. On September 15, 2004, Plaintiffs filed

_____
[1] The Plaintiffs and Pegasus agreed to reduce the trailer's price by $2,500 in exchange for
Plaintiffs' displaying the Pegasus company name on the trailer.

a complaint in Maine Superior Court alleging Pegasus had breached their contract by delivering a trailer too heavy to be legally transported by Plaintiffs' existing means of transportation. Plaintiffs also claimed the trailer did not comply with specifications provided by Plaintiffs and that Pegasus failed to correct that lack of compliance (Count I). Plaintiffs also stated claims for breach of express and implied warranties (Count II), violation of the Maine Unfair Trade Practices Act (Count III), and unjust enrichment (Count IV).

Eight days later, Pegasus filed a complaint in Erie County, Ohio, seeking to collect an unpaid balance owed by the Plaintiffs on the trailer. Plaintiffs were served with Pegasus's complaint in Ohio on October 20, 2004. After several unsuccessful attempts, Pegasus was served with Plaintiffs' complaint on November ___ 2004. On December 20, 2004, Pegasus filed this Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## DISCUSSION

Pegasus argues that it cannot be reached by Maine's long arm statute, 14 M.R.S.A. § 704-A, because Maine has no legitimate interest in the subject matter of the sale, and Pegasus engaged in a single, isolated transaction with Maine residents. Pegasus also argues its activities in Maine do not constitute the minimum contacts needed to establish personal jurisdiction.

Plaintiffs argue there is ample reason to find the minimum contacts needed to assert jurisdiction. Many features of the trailer reflect the fact that Plaintiffs live in Maine and travel long distances for extended periods to attend shows. Plaintiffs assert that Pegasus held itself out as a company doing business on a national scale when Plaintiffs worried about their ability to communicate effectively with Pegasus during the trailer's construction. Plaintiffs also argue

2

Pegasus' contacts with Maine include numerous phone and e-mail communications between the parties during the trailer's construction. Pegasus also delivered the trailer in Maine, offered Plaintiffs the use of its website to sell their old trailer, and agreed to put the Pegasus name on Plaintiffs' new trailer in exchange for a price reduction.

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the initial burden of establishing that jurisdiction is proper. *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 8, 861 A.2d 662, 664. When there has been no testimonial hearing and the court proceeds on the parties' pleadings and affidavits, plaintiff need only make a *prima facie* showing of jurisdiction. *Id.*

For Maine to exercise personal jurisdiction over a nonresident defendant consistent with its statutes and the requirements of due process, the Court must find three things to be true: 1) that Maine has a legitimate interest in the subject matter of the controversy; 2) that the defendant, by its conduct should reasonably have anticipated litigating in Maine; and 3) that the exercise of jurisdiction by Maine's courts would comport with "traditional notions of fair play and substantial justice." *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1191 (Me. 1993) (citations omitted). Plaintiffs must establish the first two prongs based on specific facts in the record, "after which the burden shifts to the defendant to demonstrate that the exercise of jurisdiction does not comport with traditional notions of fair play and substantial justice." *Bickford v. Onslow Mem'l Hosp. Fund*, 2004 ME 111, ¶ 10, 855 A.2d 1150, 1155. "The record is construed in the manner most favorable to the plaintiff." *Id.*

A. Maine's interest in the subject matter.

To establish Maine has a legitimate interest in litigation at hand requires Plaintiffs to allege more than an interest "'in providing a Maine resident with a forum for redress against a nonresident." *Murphy v. Keenan,* 667 A.2d 591, 594 (Me. 1995)(finding Maine's interest may be implicated by factors such as the protection of State industries, the safety of its workers, or the location of witnesses and creditors within its border). *Id.* The Law Court found Maine had a legitimate interest in litigation between a Maine business and a foreign seller because the seller failed to honor ongoing, contractual prices and supply obligations to the Maine buyer that were entitled to state protection. *Elec. Media Int'l v. Pioneer Communications,* 586 A.2d 1256, 1259 (Me. 1991). Maine's interest in protecting its potato industry, *Interstate Food Processing Corp.,* 622 A.2d at 1192, or the accuracy of its citizen's credit reports, *Bickford* 11, 855 A.2d at 1155, also satisfy this prong. The Law Court also noted that Maine has an interest in sanctioning "parties who 'reach out beyond one state and create continuing relationships and obligations with [Maine] citizens' . . . for the consequences of their activities." *Elec. Media Int'l v. Pioneer Communications,* 586 A.2d 1256, 1259 (Me. 1991). (citations omitted).

Here Plaintiffs claim the sale of the defective trailer resulted in a substantial loss to the Plaintiffs' business and personal interests, interests that are entitled to state protection. Although Plaintiffs provide no record of an ongoing business relationship or obligation by either party, this Court assumes Maine has an interest in protecting small resident businesses harmed by the allegedly unscrupulous or deceitful conduct of foreign businesses. Viewed in a light most favorable to Plaintiffs, Plaintiffs evidence of alleged injury to their business

4

interests satisfies the first prong of the jurisdictional analysis. *Elec. Media Int'l v. Pioneer Communications*, 586 A.2d 1256, 1259 (Me. 1991).

B. Reasonable anticipation of litigation in Maine.

To satisfy the second prong, plaintiff must show the defendant "purposefully avail[ed] [it]self of the privilege of conducting activities within the jurisdiction and benefit[ed] from the protection of its laws." *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 16, 861 A.2d 662, 667 (citation omitted). This prong is satisfied when the defendant "purposefully directs his activities at residents of a forum by engaging in significant activities in that forum or by creating continuing obligations between himself and residents of that forum." *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1192 (Me. 1993) (citations omitted). The Law Court has expressly found warranty obligations incurred in the course of a single sale, without more, does not create the sort of ongoing relationship between the parties needed to support the exercise of jurisdiction. *Murphy v. Keenan*, 667 A.2d 591, 595 (Me. 1995).

Here Plaintiffs' pleadings and affidavits, viewed in a light most favorable to them, give no indication that Pegasus reached into Maine to contact the Plaintiffs, or that continuing obligations between Pegasus and Plaintiffs were created. There is no record of Pegasus's directing activities at Maine residents beyond delivering a single trailer here. The record provides no evidence that Pegasus benefited from Maine's laws by negotiating, advertising or soliciting business in the State, beyond putting the Pegasus name on Plaintiffs' custom trailer for others to see when Plaintiffs traveled in a variety of states to attend shows. Thus Plaintiffs evidence fails to satisfy the second prong of the jurisdictional analysis.

5

C. Fair play and substantial justice.

Finally, to comport with traditional notions of fair play and substantial justice, a nonresident defendant such as Pegasus must have minimum contacts with the forum state. *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 18, 861 A.2d 662, 667 (citation omitted). In analyzing minimum contacts, the court will consider "the nature and purpose of the a defendant's contact with the forum state, the connection between the contacts and the cause of action, the number of contacts, the interest of the forum state in the controversy, and the convenience and fairness to both parties." *Id.* Thus the Law Court found a single sale of one boat conducted in another state, initiated by the Maine buyer, where all negotiations took place outside Maine, and where no further obligations other than the warranty were incurred, did not constitute the minimum contacts needed to comport with notions of fair play and substantial justice. *Murphy v. Keenan*, 667 A.2d 591, 594 (Me. 1995). A single sale of a staircase, coupled with mail and telephone communications between the Maine plaintiff and the defendant was also found insufficient for asserting jurisdiction over a nonresident company. *Architectural Woodcraft Co. v. Read*, 464 A.2d 210, 212 (Me. 1983)(agreeing that entering into a single contract together with the use of interstate communications does not establish a basis for asserting jurisdiction). However, the Law Court has found less extensive contacts may give rise to jurisdiction in cases where the cause of action arises during the defendant's in-state activities. *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1192 (Me. 1993) (citations omitted).

Here the record, viewed in a light most favorable to Plaintiffs, shows Plaintiffs' cause of action does not arise out of alleged conduct that occurred in

Maine, but arose at the trailer's place of manufacture in Ohio. Plaintiffs and Pegasus made their initial contact and conducted the negotiations leading to the sale outside of Maine. Pegasus never reached into Maine to solicit the Plaintiffs' business; instead, the parties crossed paths and entered into their contract while attending shows in other states. The first and last time Pegasus ventured within Maine borders was to deliver Plaintiffs' finished trailer.

A single contract negotiated between Plaintiffs and Pegasus in another state for the one-time sale of a trailer manufactured in Ohio, followed by the delivery to Maine, along with phone and e-mail communications between the parties, without more, is insufficient to establish the minimum contacts necessary for this Court to exercise jurisdiction over Pegasus pursuant to Maine's long arm statute and due process protections. *Architectural Woodcraft Co. v. Read*, 464 A.2d 210, 212 (Me. 1983). The record shows no evidence of ongoing obligations or relationships between the parties beyond warranties, and no evidence of any purposeful or significant activities directed at Maine residents by Pegasus. *Murphy v. Keenan*, 667 A.2d 591, 594 (Me. 1995).

Because the record provided, viewed in light most favorable to Plaintiffs, fails to satisfy the second or third prong of the test for asserting personal jurisdiction, Defendant Pegasus Vans and Trailers, Inc.'s Motion to Dismiss for lack of jurisdiction is hereby **GRANTED**.

Date_____April 26, 2005

Roland A. Cole
Justice, Superior Court

7

DAVID VAN DYKE ESQ
PO BOX 116
LEWISTON ME 04243

SAMUEL SHERRY ESQ
PO BOX 18201
PORTLAND ME 04112