STATE OF MAINE
ANDROSCOGGIN, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-55

Robert Whitmore,       )
                       )
        Plaintiff,     )
                       )
    v.                 )
                       )
Greeley's Garage,      )
                       )
    Defendant & Third-Party Plaintiff, )
                       )
    v.                 )
                       )
Freightliner of Hartford, Inc. and )
ATG Seabrook, LLC.,    )
                       )
    Third-Party Defendants. )

OCT 2 '20 AM9:14
ANDRO SUPERIOR COURT

Order Dismissing
Third-Party Complaint against
Freightliner of Hartford, Inc.

This case arises out of two troublesome engines in a tractor truck owned by Plaintiff. The engines had been repaired or rebuilt by Defendant Greeley's Garage. The truck broke down in Connecticut in November 2019 with the second engine. It was brought to Freightliner's facility in East Hartford, Connecticut and repaired there (albeit allegedly not successfully). After some negotiations between Greeley's Garage, Whitmore and Freightliner, Greeley's Garage paid a portion of Freightliner's bill. When Whitmore sued Greeley's Garage for damages arising out of the broken-down engines, Greeley's Garage brought a third-party complaint against Freightliner.

Before the court is the motion of Freightliner of Hartford, Inc. ("Freightliner") to dismiss the third-party complaint against it for lack of personal jurisdiction. For the reasons stated below, the motion is granted.

1

There is no dispute that Freightliner is a Connecticut corporation with its principal place of business in East Hartford. It is not registered to do business in Maine, owns no property in Maine, has no office or other physical presence in Maine, and has no registered agent in Maine. The services it performed were done in Connecticut. Plaintiff sought out Freightliner in Connecticut; Freightliner did not solicit him. Freightliner advertises in a regional paper in order to reach its Connecticut customers. That same regional edition circulates in Maine because both Maine and Connecticut are included in the Northeast Region for the paper. Less than 1% of Freightliner's total revenue is generated from individuals or entities who reside in or have a principal of business in Maine.

There were a number of emails and at least one telephone call between Greeley's Garage and Freightliner on November 8, 2019 regarding Whitmore's truck. Greeley's Garage reached agreement with Whitmore to pay for half of the repairs at Freightliner. As a result of these exchanges, Greeley's Garage made payment to Freightliner on November 19, 2019 for a portion of the cost of the repairs to Whitmore's truck.

The jurisdictional reach of Maine courts is coextensive with the permissible exercise of personal jurisdiction under the due process clause of the federal constitution. *Harriman v. Demoulas Supermarkets, Inc.*, 518 A.2d 1035, 1036 (Me. 1986); 14 M.R.S. § 704-A(1).

> To decide that due process permits Maine's assertion of personal jurisdiction over Demoulas, we must affirmatively answer three questions:
> (1) does the forum state have a legitimate interest in the subject matter of the action; (2) should the defendant by his conduct reasonably have anticipated litigation in the forum state; and (3) would the exercise of jurisdiction comport with "traditional notions of fair play and substantial justice"?
> (2)

*Id*. The burden is on Greeley's Garage to satisfy the first two prongs of this test. Only once the it has done so done the burden shift to Freightliner to establish that the exercise of jurisdiction does

2

not comport with traditional notions of fair play and substantial justice. *Murphy v. Keenan*, 667 A.2d 591, 594 (Me. 1995).

Maine's long-arm statute lists a number of bases for asserting jurisdiction over a non-resident defendant. Those potentially relevant here include

A. The transaction of any business within this State;
B. Doing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State; [or]
I. Maintain any other relation to the State or to persons or property which affords a basis for the exercise of jurisdiction by the courts of this State consistent with the Constitution of the United States.

14 M.R.S. § 704-A(2)(A), (B), (I). Greeley's Garage asserts that Freightliner meets the requirements for jurisdiction by advertising in the Northeast Region edition of a paper, communicating with Greeley's Garage, and accepting payment from Greeley's. The court disagrees. Such actions do not constitute doing business in this state or committing a tortious act in this state.

The Law Court has long established that simply providing a Maine resident with a forum for redress against a nonresident is insufficient to establish a legitimate interest in the action. Rather, "an interest beyond mere citizenry is necessary, such as the protection of its industries, the safety of its workers, or the location of witnesses and creditors within its border." *Murphy*, 667 A.2d at 594. None of that is present here.

In addition, there is little about Freightliner's conduct that would lead to the exercise of jurisdiction. Freightliner did not purposefully direct any activities at Maine residents. Rather, there was a single transaction with Greeley's through interstate communications that occurred only because Whitmore's truck was towed to its Connecticut facility and he happened to be a Maine resident. Whether payment came from Whitmore or Greeley's Garage, that is insufficient to establish jurisdiction. *See Architectural Woodcraft Co. v. Read*, 464 A. 2d 210, 213 (Me.

3

1983) (No jurisdiction where non-resident Defendant ordered product from resident Plaintiff which was shipped to him in California).

In short, this court does not find that Maine has a legitimate interest in the subject matter of this action. This court also does not find that Maine Freightliner by its conduct reasonably should have anticipated litigation in Maine, nor does the exercise of jurisdiction comport with traditional notions of fair play and substantial justice. *Estate of Hoch v. Stifel*, 2011 ME 24 ¶25; *Harriman*, 518 A.2d at 1036.

Therefore, the motion of Freightliner to dismiss the third-party complaint against it for lack of personal jurisdiction is granted. This Order may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: 10/1/20

Valerie Stanfill
Justice, Maine Superior Court

4

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No   AUBSC-CV-2020-00055

DOCKET RECORD

Attorney for: ROBERT WHITMORE
BRADFORD A PATTERSHALL  - RETAINED
LAW OFFICE OF BRADFORD A PATTERSHALL LLC
18 PLEASANT ST SUITE 202
BRUNSWICK ME 04011


vs
GREELEYS GARAGE INC - DEFENDANT

Attorney for: GREELEYS GARAGE INC
WILLIAM GALLITTO III - RETAINED 05/18/2020
BERGEN & PARKINSON LLC
144 MAIN STREET
SACO ME 04072


FREIGHTLINER OF HARTFORD INC - THIRD PARTY DEFENDANT
222 ROBERTS ROAD EAST
HARTFORD CT 06108

Attorney for: FREIGHTLINER OF HARTFORD INC
FRED W BOPP III - RETAINED 07/30/2020
BOPP & GUECIA
298 MAIN STREET
YARMOUTH ME 04096


ATG SEABROOK LLC - THIRD PARTY DEFENDANT

Attorney for: ATG SEABROOK LLC
ALLISON A ECONOMY  - RETAINED 06/16/2020
RUDMAN & WINCHELL
PO BOX 1401
84 HARLOW STREET
BANGOR ME 04402-1401


Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 05/18/2020

## Docket Events:

05/19/2020 FILING DOCUMENT - COMPLAINT FILED ON 05/18/2020

05/19/2020 Party(s):  ROBERT WHITMORE
           ATTORNEY - RETAINED ENTERED ON 05/18/2020
           Plaintiff's Attorney: BRADFORD A PATTERSHALL

05/19/2020 Party(s):  GREELEYS GARAGE INC
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 05/12/2020
           THROUGH WILLIAM GALLITTO, III ESQ

05/19/2020 Party(s):  GREELEYS GARAGE INC
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 05/18/2020

05/19/2020 Party(s):  GREELEYS GARAGE INC