Laurie DUFOUR et al., Plaintiffs,

v.

SMITH & HAMER, INC., a corporation,

and

James Manning Anderson, Defendants.

Civ. Nos. 1816–1818.

United States District Court,
D. Maine, S. D.

Aug. 13, 1971.

Albert M. Stevens, Presque Isle, Me., Peter S. Kelley, Caribou, for plaintiffs.

Gene Carter, Torrey A. Sylvester, Bangor, Me., for defendants.

## MEMORANDUM AND ORDER OF THE COURT

GIGNOUX, District Judge.

Presently before the Court in these consolidated actions are the Second and Fourth Affirmative Defenses set forth in defendants' answers, by which defendants seek dismissal of the actions for lack of jurisdiction over the person and for insufficiency of service of process. Fed.R.Civ.P. 12(b) (2) and (5). Plaintiffs Dufour are Maine citizens; plaintiffs Macro are Canadian citizens; de-fendant Smith & Hamer, Inc. is a produce trucking company incorporated and having its principal place of business in South Carolina; and defendant Anderson, a truck driver employed by Smith & Hamer, Inc., is a South Carolina citizen. Plaintiffs seek damages for personal injuries claimed to have been sustained by them as a result of an automobile-truck accident on April 2, 1969 at St. Louis du Ha-Ha, Quebec Province, Canada. Subject matter jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332. The actions were commenced by personal service upon defendants of the summonses and complaints on March 5, 1970 by a Deputy United States Marshal at Clio, South Carolina.

The Court's jurisdiction over defendants is asserted under the Maine Long-arm Statute, 14 M.R.S.A. § 704. *See* Fed.R.Civ.P. 4(e). Defendants do not question that personal service was made upon them as required by 14 M.R.S.A. § 704(2). Nor does the corporate defendant question that the service was made upon an officer authorized to accept service for it. Defendants' sole contentions are: (1) that they were not subject to judicial process under the Maine Long-arm Statute and (2) that, in any event, the service did not comply with Fed.R.Civ.P. 4(e) because it was made by a Deputy United States Marshal and not by a "person authorized to serve civil process by the laws of the place of service (*i. e.*, South Carolina) * * *," as required by Me.R.Civ.P. 4(e). The resolution of the latter issue adversely to defendant in Wilcox v. Yale & Towne Manufacturing Co., Civil No. 1829 (D. Me. July 2, 1971), disposes of the issue in this case. For the reasons to be stated, however, the Court agrees with defendants that it lacks personal jurisdiction over these defendants under the Long-arm Statute.

The relevant facts have been stipulated and can be briefly stated. On April 2, 1969 the individual defendant was driving the corporate defendant's tractor-trailer unit from Montreal, Canada to Presque Isle, Maine for the purpose of

picking up a truckload of potatoes which had been purchased from a Presque Isle dealer by South Carolina and Georgia companies for delivery to Columbia, South Carolina and Savannah, Georgia. The shipment had been brokered through a truck brokerage firm in Presque Isle. As indicated, the accident occurred at St. Louis du Ha-Ha, Quebec Province, Canada before defendant's truck entered Maine.[1]

Plaintiffs rely upon the following provisions of the Maine Long-arm Statute:

§ 704. *Persons subject to jurisdiction*

1. *Causes of action.* Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

A. The transaction of any business within this State;

\* \* \* \* \* \*

3. *Jurisdiction based upon this section.* Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Plaintiffs contend that the cause of action asserted in their complaints is one "arising from" the transaction of business within the State of Maine. Their argument is twofold:

(1) Plaintiffs argue first that the accident would not have occurred had it not been for the arrangements made by the corporate defendant to receive a truckload of potatoes at Presque Isle.

But even if it be assumed that these arrangements constituted the transaction of business within this State, it would be an unwarranted extension of the statute to say that plaintiffs' cause of action is one "arising from" any Maine transaction. The statutory language clearly calls for some direct causal connection between an act in Maine and the cause of action. *Cf.* Sohn v. Bernstein, 279 A.2d 529 (Me. July 2, 1971); Foye v. Consolidated Baling Machine Co., 229 A.2d 196, 198 (Me.1967). The cause of the accident in this case was the asserted negligence of the individual defendant while driving the truck in Canada. The only two relevant events—the alleged negligence and plaintiffs' injuries—occurred in Canada. The preliminary arrangement made by the corporate defendant to pick up the potatoes in Maine was merely a pre-condition following which the accident eventually occurred, but was not its cause. *Cf.* Singer v. Piaggio & C., 420 F.2d 679 (1st Cir. 1970); Restatement, Second, Torts § 430 et seq.[2]

(2) Plaintiffs' second argument is that jurisdiction over defendants under the Long-arm Statute may be based on the fact that following the accident defendants' truck ultimately did enter the State of Maine to pick up the potatoes at Presque Isle and transport them to South Carolina and Georgia.[3] Plainly, however, a cause of action cannot be said to have "arisen from" the transaction of any business occurring *after* the cause of action arose. *Cf.* Sohn v. Bernstein, *supra*; Foye v. Consolidated Baling Machine Co., *supra*.

In view of the Court's conclusion that the Maine Long-arm Statute does not

---

1. It is also stipulated that on April 4, 1969, two days after the accident, defendants' truck did pick up the truckload of potatoes at Presque Isle and subsequently transported the potatoes to South Carolina and Georgia.

2. Furthermore, insofar as the individual defendant is concerned, so far as the rec-

ord shows, he had had no contact with the State of Maine prior to the accident.

3. Plaintiffs quite properly do not even suggest that the mere intention of defendants at the time of the accident subsequently to enter the State of Maine constituted the transaction of business within the State.

support personal jurisdiction over defendants in the circumstances of this case, it is unnecessary to reach the constitutional questions defendants raise.

Defendants' Second Affirmative Defense is sustained. Defendants' Fourth Affirmative Defense is overruled. Judgments will be entered dismissing the complaints for lack of jurisdiction over the person.

It is so ordered.