**Genneth Kelly MARTIN**

v.

**Regis DESCHENES.**

Supreme Judicial Court of Maine.

Argued Nov. 16, 1983.

Decided Dec. 9, 1983.

---

Rudolph T. Pelletier (orally), Madawaska, for plaintiff.

Stevens, Engels & Bishop, Richard C. Engels (orally), Presque Isle, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

The Plaintiff, Genneth Kelly Martin, appeals from the entry of judgment for the Defendant, Regis Deschenes, in Superior Court (Aroostook County) after that court concluded that it lacked personal jurisdiction over the Defendant. Although the entry should have been cast in terms of judgment of dismissal, rather than as judgment for the defendant, the court's conclusion was correct.

The Plaintiff lives at St. Francis, in Aroostook County, approximately one mile south of the Canadian border. On December 20, 1976, while she was driving in nearby Edmundston, New Brunswick, her vehicle was struck from behind by an automobile operated by the Defendant.

Almost six years later the Plaintiff instituted this action for the personal injuries she sustained in that collision. In his answer, and in his subsequent affidavit, the Defendant asserted that he lived and worked in Edmundston; and that he never had resided, been employed, or conducted any business in the State of Maine.

Our long-arm statute, 14 M.R.S.A. § 704–A, permits the exercise of personal jurisdiction over non-resident defendants to the full extent permitted by the Due Process Clause of the United States Constitution. *Architectural Woodcraft Co. v. Read,* 464 A.2d 210 (Me.1983); *Tyson v. Whittaker,* 407 A.2d 1 (Me.1979). The Due Process Clause of that Constitution requires that a non-resident defendant have certain "minimum contacts" with the forum state before the court there may exercise jurisdiction

over him. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).[1]

■ The record before us discloses no contacts between the Defendant and the State of Maine, except for his involvement in a collision which caused injuries to a Maine resident. The commission outside the forum state of an act that has consequences in the forum state is by itself an insufficient contact where all the events necessary to give rise to a tort claim occurred outside the forum state. *See Price v. Shessel,* 415 F.Supp. 306 (E.D.Mich.1976); *Clavenna v. Holsey,* 81 Mich.App. 472, 265 N.W.2d 378 (1978). *Restatement (Second) of Conflicts of Law* § 37 and Commentary, at 156 (1971).

■ It may have been foreseeable, as the Plaintiff contends, that the Defendant would encounter Maine residents driving on the streets of Edmundston; nevertheless, " 'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *World-Wide Volkswagen Corp. v. Woodson, supra,* 444 U.S. at 295, 100 S.Ct. at 566. The record does not indicate that the Defendant did anything to avail himself of the privilege of conducting activities within the State of Maine. *See Kulko v. Superior Court of California,* 436 U.S. 84, 93–94, 98 S.Ct. 1690, 1697–1698, 56 L.Ed.2d 132 (1978); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Therefore, a Maine court could not constitutionally exercise jurisdiction over him, and the Superior Court was correct in terminating the action.

■ The inability of the Superior Court to exercise personal jurisdiction did not, however, warrant a judgment for the Defendant. The proper disposition in such a situation is a judgment of dismissal.[2] M.R.

---

1. *See also Labbe v. Nissen Corp.,* 404 A.2d 564 (Me.1979).

2. A judgment for a party is a judgment on the merits. A judgment of dismissal may enable a

Civ.P. 12(b)(2). *See Architectural Wood-craft Co. v. Read, supra;* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.13 at 252–53 (2d ed. 1970).

The entry is:

Judgment modified to "Action dismissed."

As modified, judgment affirmed.

All concurring.

plaintiff to recommence her action in a forum in which personal jurisdiction over a defendant can be obtained, provided that the action is not barred by the applicable statute of limitations.