2006 ME 124

**Kathleen C. CONNELLY**

v.

**Paul E. DOUCETTE.**

Supreme Judicial Court of Maine.

Argued: Oct. 11, 2006.

Decided: Oct. 31, 2006.

Brett D. Baber (orally), Bangor, for plaintiff.

Frederick C. Moore (orally), Law Offices of Frederick C. Moore, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

ALEXANDER, J.

[¶ 1] Kathleen C. Connelly appeals from a summary judgment entered in the Superior Court (Penobscot County, *Mead, J.*) on Connelly's complaint for negligence against Paul E. Doucette. Connelly contends that the court erred in granting the motion for summary judgment after determining that it lacked personal jurisdiction over Doucette. We affirm the judgment.

## I. CASE HISTORY

[¶ 2] The parties do not dispute the facts of this case. Connelly is a resident of Brewer, Maine. Doucette is a resident of Salem, Massachusetts. Doucette has never resided, owned property, worked, or operated a business in Maine. Doucette's only contacts with Maine have been occasional, short trips for pleasure.

[¶ 3] The incident resulting in Connelly's negligence claim occurred on July 1, 2001, on the New Hampshire Turnpike, while Doucette was driving to Maine for the Fourth of July weekend. Connelly asserts that Doucette operated his vehicle negligently and collided with her vehicle. She also alleges that she suffered physical, mental, and economic injuries as a result

of the collision and has sought all of her treatment in Maine.

[¶ 4] Connelly filed this action against Doucette on June 6, 2005.[1] After limited discovery, Doucette filed a motion for summary judgment. The Superior Court granted the motion based on lack of personal jurisdiction over Doucette because the collision occurred in New Hampshire and Doucette is a resident of Massachusetts. The court did not find Doucette's contacts with Maine sufficient to change the analysis. This appeal followed.

## II. ANALYSIS

[¶ 5] We review rulings on motions for summary judgment de novo, viewing the evidence in a light most favorable to the nonmoving party. *River Dale Ass'n v. Bloss*, 2006 ME 86, ¶ 5, 901 A.2d 809, 811.

[¶ 6] The United States Supreme Court has held that to satisfy due process, a person must have sufficient contacts with a state before the state can force that person to defend a suit in the state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 11, 861 A.2d 662, 666. Applying this constitutional standard, we have held that Maine's long-arm statute, 14 M.R.S. § 704–A (2005),[2] allows a court to exercise jurisdiction over nonresident defendants to the extent authorized by the Due Process Clause of the Maine Constitution, ME. CONST. art. I, § 6–A, and that of the United States Constitution, U.S. CONST. amend. XIV, § 1. *See Dworman*, 2004 ME 142, ¶ 12, 861 A.2d at 666; *Bickford v. Onslow Mem'l Hosp. Found., Inc.*, 2004 ME 111, ¶ 10, 855 A.2d 1150, 1154–55; *Murphy v. Keenan*, 667 A.2d 591, 593 (Me.1995).

[¶ 7] Due process is satisfied when: "(1) Maine has a legitimate interest in the subject matter of the litigation; (2) the defendant, by his or her conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice." *Dworman*, 2004 ME 142, ¶ 14, 861 A.2d at 666. When the defendant challenges the jurisdiction of the court, "[t]he plaintiff bears the burden of satisfying the first two prongs based on specific facts in the record, after which the burden shifts to the defendant to demonstrate that the exercise of jurisdiction does not comport with traditional notions of fair play and substantial justice." *Bickford*, 2004 ME 111, ¶ 10, 855 A.2d at 1155.

### A. Maine's Interest in the Subject Matter of the Litigation

[¶ 8] Maine has a "legitimate interest" in affording a forum for its citizens

---

1. Connelly filed this matter almost four years after the accident occurred. New Hampshire and Massachusetts have three-year statutes of limitations on tort actions. *See* MASS. ANN. LAWS ch. 260 § 2A (LexisNexis 2004); N.H. REV. STAT. ANN. § 508:4 (1997).

2. The relevant portions of the long-arm statute provide:

   **2. Causes of Action.** Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from . . .

   **B.** Doing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State . . .

   . . . .

   **I.** Maintain[ing] any other relation to the State or to persons or property which affords a basis for the exercise of jurisdiction by the courts of this State consistent with the Constitution of the United States.

   14 M.R.S. § 704–A (2005).

to redress injuries caused by nonresidents. *See Bickford,* 2004 ME 111, ¶ 11, 855 A.2d at 1155; *Harriman v. Demoulas Super-markets, Inc.,* 518 A.2d 1035, 1036 (Me. 1986).[3] Maine's interest, however, must be "beyond mere citizenry . . . such as . . . the location of witnesses and creditors within its border." *Murphy,* 667 A.2d at 594. In this case, Maine does have an interest because one of its residents, Connelly, felt the effects of her injury here, received all of her medical treatment here, and her medical witnesses and records are located here. Therefore, Connelly has met her burden to demonstrate Maine's legitimate interest in litigating this matter.

### B. Doucette's Reasonable Anticipation of Litigation in Maine

[¶ 9] A defendant may reasonably anticipate litigation in a particular forum when there is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quotation marks omitted); *see also Dworman,* 2004 ME 142, ¶ 16, 861 A.2d at 667. This

analysis requires an examination of the defendant's contacts with the forum state. *Murphy,* 667 A.2d at 594. The defendant meets the minimum contacts standard when the defendant purposefully directs his or her activities at Maine residents or creates continuing obligations between himself or herself and the residents of Maine. *Id. Compare Bickford,* 2004 ME 111, ¶ 13, 855 A.2d at 1156 (holding jurisdiction proper over nonresident defendant who had no direct contacts with Maine because the defendant "purposefully directed" injurious conduct at the plaintiff by not correcting a billing mistake after notification, resulting in potential harm to the plaintiff's reputation and credit rating), *with Murphy,* 667 A.2d at 595 (holding defendant did not create "continuing obligations" with the plaintiff because there was no ongoing contact or expectation of future contact).

[¶ 10] Connelly argues that the combination of Doucette's prior trips to Maine and his intent to enter Maine when the collision occurred created sufficient minimum contacts with the State for Doucette to have reasonably anticipated litigation here. Neither of these factors, alone, is sufficient contact to support jurisdiction.[4] At most,

---

3. *See also* 14 M.R.S. § 704–A(1) (2005) ("It is declared, as a matter of legislative determination, that the public interest demands that the State provide its citizens with an effective means of redress against nonresident persons who, through certain significant minimal contacts with this State, incur obligations to citizens entitled to the state's protection.").

4. *See, e.g., Archibald·v. Archibald,* 826 F.Supp. 26, 30 (D.Me.1993) (granting defendant's motion to dismiss for lack of personal jurisdiction where the events underlying the injury occurred in Ohio and the defendant's only contacts with Maine were prior visits to the plaintiff in the state); *Dufour v. Smith & Hamer, Inc.,* 330 F.Supp. 405, 407–08 (D.Me. 1971). In *Dufour,* the United States District Court declined to exercise personal jurisdic-

tion over a Canadian defendant, where the accident occurred in Canada while the defendant was en route to Maine to pick up certain goods to transport to South Carolina and Georgia. 330 F.Supp. at 406–08. The court found that Maine's long-arm statute did not support jurisdiction because neither the act, nor the injuries, occurred in Maine. *Id.* at 407. Furthermore, the court stated that the fact that the defendant eventually entered Maine was irrelevant because "a cause of action cannot be said to have arisen from the transaction of any business occurring *after* the cause of action arose." *Id.* (quotation marks omitted). *See also Martin v. Deschenes,* 468 A.2d 618, 619–20 (Me.1983) (affirming dismissal of suit against a Canadian defendant for lack of personal jurisdiction because the accident occurred in Edmundston, New

Doucette's actions were negligent, and the collision could have occurred with a resident of any state. Connelly has not met her burden of demonstrating that Doucette had sufficient contacts with Maine to make it reasonable for him to anticipate litigation in this State.

[¶ 11] We need not address whether jurisdiction over Doucette would comport with traditional notions of fair play and substantial justice because the Superior Court did not err in finding that Doucette did not have sufficient contacts with Maine and dismissing the suit for lack of personal jurisdiction.

The entry is:

Judgment affirmed.

---

Brunswick and the defendant never lived, worked, resided, or conducted business in Maine). In *Martin,* we recognized that the defendant could have foreseen an encounter with a Maine resident while driving on the streets of Edmundston; however, we also emphasized that " ' "foreseeability" alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause.' " *Id.* at 619 (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).