STATE OF MAINE
ANDROSCOGGIN, ss

SUPERIOR COURT
Civil Action
Docket No. CV-10-012
TED AND- 4/59 2010

RALPH NORRIS,

Plaintiff

v.

HERBERT HAFFORD and
DONALD BRINK

Defendants



**ORDER ON DEFENDANT BRINK'S
MOTION TO DISMISS**
(M.R.Civ.P. 12(b)(1), 12(b)(2))

## I. BEFORE THE COURT [1]

This matter comes before the court on defendant Donald Brink's motion to dismiss for lack of subject matter jurisdiction, M.R.Civ.P. 12(b)(1), and lack of personal lack of personal jurisdiction, M.R.Civ.P. 12(b)(2).

Plaintiff Ralph Norris states that he owned and operated a ranch located in Big Wells, Texas. Norris argues that defendant Hafford (a Leeds, Maine resident) and defendant Brink (a resident of Pennsylvania), either acting in concert or by agreement, destroyed his Texas property and killed valuable animals and wildlife. The five-count complaint alleges claims of conversion, trespass, negligence, negligent and/or intentional infliction of emotional distress, and malice/punitive damages.

Defendant Brink has moved to dismiss the complaint as it pertains to him for lack of both personal and subject matter jurisdiction. As the court agrees that it does not have personal jurisdiction over defendant Brink, it must grant Brink's Motion to Dismiss and does not reach the question of subject matter jurisdiction.

---

[1] The court has reviewed the pleadings and memoranda of counsel relative to defendant Brink's Motion to Dismiss. Oral argument on the motion is not required. The hearing scheduled for May 5th is cancelled.

## II. STANDARD OF REVIEW

The United States Supreme Court has held that in order to satisfy due process, a person must have sufficient contacts with a state before the state can force that person to defend a suit within the jurisdiction. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317, 66 S. Ct. 154, 90 L. Ed. 95 (1945); *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 11, 861 A.2d 662, 666. The Law Court has stated that Maine's long-arm statute[2] "allows a court to exercise jurisdiction over nonresident defendants to the extent authorized by the Due Process Clause of the Maine Constitution, Me. Const. art. I, § 6-A, and that of the United States Constitution." *Connelly v. Doucette*, 2006 ME 124, ¶ 6, 909 A.2d 221, 223 (internal citations omitted).

> Due process is satisfied when: "(1) Maine has a legitimate interest in the subject matter of the litigation; (2) the defendant, by his or her conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice." *Commerce Bank & Trust Co. v Dworman*, 2004 ME 142, ¶ 14, 861 A.2d 662, 666. When the defendant challenges the jurisdiction of the court, "[t]he plaintiff bears the burden of satisfying the first two prongs based on specific facts in the record, after which the burden shifts to the defendant to demonstrate that the exercise of jurisdiction does not comport with traditional notions of fair play and substantial justice." *Bickford v. Onslow Mem'l Hosp. Found., Inc.*, 2004 ME 111, ¶ 10, 855 A.2d 1150, 1155.

*Id.* ¶ 7, 909 A.2d at 223.

---

[2] Maine's long-arm statute states, in pertinent part:

> Causes of Action. Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
> A. The transaction of any business within this State;
> B. Doing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State;
> . . .
> I. Maintain[ing] any other relation to the State or to persons or property which affords a basis for the exercise of jurisdiction by the courts of this State consistent with the Constitution of the United States.

14 M.R.S.A. § 704-A (2009).

## III. DISCUSSION

"Maine has a "legitimate interest" in affording a forum for its citizens to redress injuries caused by nonresidents." *Connelly*, 2006 ME 124, ¶ 8, 909 A.2d at 223-24 (internal citations omitted) (citing 14 M.R.S.A. § 704-A(1) ("as a matter of legislative determination, [] the public interest demands that the State provide its citizens with an effective means of redress against nonresident persons who, through certain significant minimal contacts with this State, incur obligations to citizens entitled to the state's protection")). This interest, however, must be beyond mere citizenry, "such as the protection of its industries, the safety of its workers, or the location of witnesses and creditors within its border." *Murphy v. Keenan*, 667 A.2d 591, 594 (Me. 1995); *see also Me. Helicopters, Inc. v. Lance Aviation, Inc.*, 563 F. Supp. 2d 292, 295 (D. Me. 2008) (summarizing a number of Maine personal jurisdiction cases).

Here, Maine arguably has a legitimate interest in the litigation as one of its residents, Norris, suffered economic consequences from the defendants alleged conduct. *See e.g., Me. Helicopters, Inc.*, 563 F. Supp. 2d at 296 (citing *Bickford*, 2004 ME ¶ 11, 855 A.2d at 1155). Construing the facts in a light most favorable to the plaintiff, Norris has satisfied his burden of demonstrating Maine's legitimate interest in the litigation of this controversy.

However, the plaintiff has failed to establish that defendant Brink could have reasonably anticipated litigation in Maine. The second prong of the personal jurisdiction analysis demands that a defendant have sufficient minimum contacts with Maine such that it would be "reasonable . . . to require the [defendant] to defend the particular suit which is brought [here]." *Interstate Food Processing Inc. v. Pellerito Foods Inc.*, 622 A.2d 1189, 1192 (Me. 1993) (quoting *Int'l Shoe Co.*, 326 U.S. at 317). In order to be reasonable, the defendant must have "purposefully avail[ed] itself of 'the privilege of

3

conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Interstate Food*, 622 A.2d at 1192 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)). In Maine, purposeful availment occurs when a defendant "purposefully directs his activities at Maine residents" or "creates continuing obligations between himself and the [Maine resident]." *Id.; see also Dworman*, 2004 ME 142, ¶ 16, 861 A.2d at 667.

Even considering all allegations in the complaint to be true and provable, the court finds that the plaintiff has not met his burden of showing that the Defendant "purposely availed" himself of the privilege of conducting activity within Maine such that the requirement for minimum contacts was met. There is no allegation of any tortious activity in Maine, nor any evidence that the alleged invasion of the Texas ranch was planned or even discussed in Maine. *See e.g., Connelly*, 2006 ME 124, ¶ 10, 909 A.2d at 224-25.

The court need not address whether jurisdiction over Brink comports with traditional notions of fair play and substantial justice because the plaintiff has not met his burden of proving that Brink has sufficient contacts with Maine.

## IV. DECISION AND ORDER

The clerk will make the following entry onto the docket as the Decision and Order of the court, M.R.Civ.P. 79(a).

A. Defendant Donald Brink's Motion to Dismiss is granted.

B. Judgment is entered for defendant Donald Brink with costs.

C. The hearing and oral arguments on defendant's motion scheduled for May 5th is cancelled.

SO ORDERED.

Dated: April 29, 2010

Justice, Maine Superior Court

4

RALPH S NORRIS DBA NORRIS ENTERPRISES  - PLAINTIFF

Attorney for: RALPH S NORRIS DBA NORRIS ENTERPRISES
DAVID J VAN DYKE  - RETAINED 01/21/2010
HORNBLOWER LYNCH RABASCO & VANDYKE
261 ASH STREET
PO BOX 116
LEWISTON ME 04243-0116

vs
HERBERT HAFFORD  - DEFENDANT
,
Attorney for: HERBERT HAFFORD
NEAL STILLMAN  - RETAINED 02/26/2010
97 A EXCHANGE STREET
PORTLAND ME 04101

DONALD BRINK  - DEFENDANT
,
Attorney for: DONALD BRINK
CURTIS WEBBER  - RETAINED 02/23/2010
LINNELL CHOATE & WEBBER LLP
83 PLEASANT STREET
PO BOX 190
AUBURN ME 04212-0190

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2010-00012

DOCKET RECORD

Filing Document: COMPLAINT                    Minor Case Type: OTHER NON-PERSONAL INJURY TORT
Filing Date: 01/21/2010

## Docket Events:

01/21/2010 FILING DOCUMENT - COMPLAINT FILED ON 01/21/2010

01/21/2010 Party(s):  RALPH S NORRIS DBA NORRIS ENTERPRISES
           ATTORNEY - RETAINED ENTERED ON 01/21/2010
           Plaintiff's Attorney: DAVID J VAN DYKE

01/21/2010 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 01/21/2010

01/27/2010 Party(s):  HERBERT HAFFORD
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 01/25/2010
           HERBERT HAFFORD

01/27/2010 Party(s):  HERBERT HAFFORD
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 01/27/2010

02/16/2010 Party(s):  DONALD BRINK
           SUMMONS/SERVICE - PROOF OF SERVICE SERVED ON 02/02/2010
           DONALD BRINK

02/16/2010 Party(s):  DONALD BRINK
           SUMMONS/SERVICE - PROOF OF SERVICE FILED ON 02/12/2010

02/26/2010 Party(s):  HERBERT HAFFORD
           RESPONSIVE PLEADING - ANSWER FILED ON 02/26/2010

HERBERT HAFFORD

02/26/2010 Party(s):  HERBERT HAFFORD
           ATTORNEY - RETAINED ENTERED ON 02/26/2010
           Defendant's Attorney: NEAL STILLMAN

02/26/2010 Party(s):  DONALD BRINK
           ATTORNEY - RETAINED ENTERED ON 02/23/2010
           Defendant's Attorney: CURTIS WEBBER

02/26/2010 ORDER - SCHEDULING ORDER ENTERED ON 02/26/2010
           THOMAS E DELAHANTY II, JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

02/26/2010 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 10/26/2010

02/26/2010 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 02/26/2010
           THOMAS E DELAHANTY II, JUSTICE

03/05/2010 Party(s):  DONALD BRINK
           MOTION - MOTION TO DISMISS FILED ON 02/22/2010
           FILED BY DEF BRINK                                          REC'D ON 3/4/10
           PLT'S OPPOSITION                          REC'D ON 3/10/10 DEF'S REPLY

03/23/2010 Party(s):  DONALD BRINK
           MOTION - MOTION TO DISMISS OTHER DECISION ON 03/22/2010
           THOMAS E DELAHANTY II, JUSTICE
           NO ACTION WILL BE TAKEN ON THIS MOTION UNTIL THE MOVING PARTY HAS FULLY COMPLIED WITH RULE
           7(B)(3)(2).

04/07/2010 ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 04/07/2010
           MEDIATION SET FOR JUNE 17, 2010 WITH ROBERT HOY, ESQ.

04/13/2010 HEARING - MOTION TO DISMISS SCHEDULED FOR 05/05/2010 @ 1:30

04/13/2010 HEARING - MOTION TO DISMISS NOTICE SENT ON 04/13/2010

04/29/2010 HEARING - MOTION TO DISMISS NOT HELD ON 04/29/2010

04/29/2010 Party(s):  DONALD BRINK
           MOTION - MOTION TO DISMISS GRANTED ON 04/29/2010
           THOMAS E DELAHANTY II, JUSTICE
           COPIES TO PARTIES/COUNSEL

04/29/2010 Party(s):  DONALD BRINK
           FINDING - PARTIAL DISMISSED W/ PREJUDICE ENTERED ON 04/29/2010
           THOMAS E DELAHANTY II, JUSTICE
           DEFENDANT DONALD BRINK'S MOTION TO DISMISS IS GRANTED, JUDGMENT IS ENTERED FOR THE
           DEFENDANT DONALD BRINK WITH COSTS. THE HEARING AND ORAL ARGUMENTS ON DEFENDANT'S MOTION
           SCHEDULED FOR MAY 5TH IS CACELLED.

A TRUE COPY
ATTEST: _____
Clerk