STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
DOCKET No. CV-09-208
MGK - AND- 7/13/2011

ARGO MARKETING GROUP, INC.,
            Plaintiff,

RECEIVED & FILED

JUL 13 2011

ANDROSCOGGIN
SUPERIOR COURT

v.                                          **DECISION**

NUTRAMEDICS, INC., f/k/a
LOGAN SYSTEMS, INC., d/b/a
PALO ALTO LABS,

BRIAN LAMBERT,

and

JEREMY LAMBERT,
            Defendants.

Plaintiff Argo Marketing Group, Inc. ("Plaintiff") had filed a two-count amended complaint against Defendants Nutramedics, Inc. f/k/a Logan Systems, Inc. d/b/a Palo Alto Labs ("Nutramedics"), Jeremy Lambert, and Brian Lambert, alleging 1.) breach of contract, and 2.) piercing the corporate veil. Defendants Jeremy and Brian Lambert ("Defendants") have moved to dismiss.

## BACKGROUND

The facts as stated in the Plaintiff's amended complaint are as follows: On or about March 6, 2007, the Plaintiff and Nutramedics entered into a Consulting Agreement in which the Plaintiff agreed to provide direct response telemarketing services for Nutramedics. Contained within the Consulting Agreement was a non-competition clause where the parties agreed not to hire an employee of the other party during the terms of the agreement, or for a year after the agreement ended without paying compensation as listed therein. Plaintiff claims that Nutramedics hired an employee of the Plaintiff in violation of the non-competition agreement.

1

Plaintiff filed its original complaint on November 10, 2009. This court entered a default as to Nutramedics on December 24, 2009. On February 8, 2010, the court granted Nutramedics' motion for order to set aside the entry of default, but denied its motion to dismiss that argued that the contract contained a forum selection clause that relegated exclusive jurisdiction to the state of Washington on the grounds that "Washington appears to have no nexus to this dispute." (Order, Wheeler, J., Feb. 8, 2010.) Nutramedics filed an amended answer on June 10, 2010.

On January 1, 2011, this court granted Nutramedics' counsel's motion to withdraw. On February 17, 2011, Plaintiff's motion for default and to strike answer and affirmative defenses was denied.

On March 17, 2011, Plaintiff filed a motion to amend the complaint, alleging that through the course of discovery it learned that Nutramedics voluntarily dissolved in December 2010, as did a number of other corporations belonging to Jeremy and Brian Lambert, the owners and officers of Nutramedics. Plaintiff also alleged that Nutramedics' products continue to be sold via businesses run by or on behalf of Jeremy and Brian Lambert. The Plaintiff's motion to amend the complaint was granted on March 24, 2011. Plaintiff filed its amended complaint on May 2, 2011. Defendants Jeremy and Brian Lambert filed an answer denying all allegations and alleging various affirmative defenses on May 9, 2011.

Defendants Brian and Jeremy Lambert filed the pending motion to dismiss on May 11, 2011. They argue that Plaintiff's allegations are insufficient to form a basis for piercing the corporate veil, that this court lacks jurisdiction for claims under the contract because the State of Washington has exclusive

2

jurisdiction, and also argues that Plaintiff's motion to amend the complaint, already granted by this court, should have been denied as untimely. Plaintiff opposes the motion.

## DISCUSSION

I.  Motion to Amend the Complaint

Defendants claim that Plaintiff's motion to amend the complaint filed on March 17, 2011 and granted by the court on March 24, 2011, was untimely and should not have been granted.[1] The court declines to address this argument as the proper avenue for the substantive objections the Defendants allege is through a motion to dismiss, which they have filed. *See* M.R. Civ. P. 12(b).

II. Motion to Dismiss

"In reviewing a judgment granting a motion to dismiss, [the court] consider[s] the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123, 127. The court will "'examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832). "'Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim.'" *Id.*

A.  Jurisdiction

The Lamberts contend that the court lacks subject matter jurisdiction because the forum selection clause contained in the contract reflects a

---

[1] The Defendants also claim that since they did not have standing to object to the motion at the time it was filed because they were not parties, they can object now.

contemplated agreement between the parties that the State of Washington has exclusive jurisdiction over any contract disputes. However, this issue was already addressed in a previous, fully briefed, motion to dismiss filed by Nutramedics and opposed by Plaintiff. In that motion Nutramedics made the same arguments that the Defendants are making now. In its Order, the court noted that the reason for denying the motion was because "the State of Washington appears to have no nexus to this dispute." (Order, Wheeler, J., Feb. 8, 2010.)[2] This decision is the law of the case.

> The law of the case doctrine is an articulation of the wise policy that a judge should not in the same case overrule or reconsider the decision of another judge of coordinate jurisdiction. As Mr. Justice Holmes stated for the United States Supreme Court, the phrase "law of the case" merely expresses "the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messenger v. Anderson*, 225 U.S. 436, 444, 32 S. Ct. 739, 740,

---

[2] Additionally, even though "'[f]orum selection clauses are prima facie valid' and generally are enforceable unless the result would be unjust or would contradict the forum's public policy," *see Clean Harbors Envtl. Svcs v. James*, 2006 Me. Super. LEXIS 263 (Dec. 12, 2006) (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)), some courts

> consider[] forum selection clauses to be merely ... a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction. [] There will always be open to either party the opportunity to present whatever evidence will move a court in the particular circumstances not to decline to exercise its undoubted jurisdiction.

*See Bee Load Ltd. v. BBC Worldwide Ltd.*, 2006 Me. Super. LEXIS 102, *9-10 (May 15, 2006) (citing *LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp.*, 739 F.2d 4, 6 (1st Cir. 1984)); *see also Connelly v. Doucette*, 2006 ME 124, ¶ 6, 909 A. 2d 221, 223 (noting that Maine's long arm statute "allows a court to exercise jurisdiction over nonresident defendants to the extent authorized by the Due Process Clause of . . . the United States Constitution") (internal citations omitted); *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 14, 861 A. 2d 662, 666 (The Due Process Clause is satisfied when, "(1) Maine has a legitimate interest in the subject matter of the litigation; (2) the defendant, by his or her conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice.") (internal citations omitted). Although the Justice did not explain her decision in great detail, she could have considered this, as well as the fact that the affidavits and arguments from the parties demonstrated that the forum selection clause was likely a mistake that was not contemplated by either party, in making her decision.

56 L. Ed. 1152 (1912). The doctrine promotes the orderly conduct of the action and avoids unseemly conflict. It discourages judge-shopping.

*Blance v. Alley*, 404 A.2d 587, 589 (Me. 1979). Accordingly, the court declines to overrule a decision on an issue that has already been decided in this case.

### B. Piercing the Corporate Veil

Plaintiff alleges that it may pierce the corporate veil because it has sufficiently alleged that Brian and Jeremy Lambert misused the corporate form. Specifically, Plaintiff alleges:

> Brian and Jeremy Lambert . . . were the owners of and President and Vice-President of [Nutramedics]
>
> That on or about December 30, 2010 the Lamberts voluntarily dissolved the Defendant corporation along with a number of other corporations.
>
> That, upon information and belief, the Defendants continue to perform the same work under a new name or names.
>
> That the Defendants have abused the separate corporate identities by dissolving the corporation during the pendancy (*sic*) of this action and, upon information and belief, continuing the work of the corporation under a new name or names.
>
> That an unjust or inequitable result, including, but not limited to, the disposition of all of the Defendant corporation's assets thus rendering the Defendant judgment proof would occur if the court recognizes the separate corporate identity

(Complaint, ¶¶ 12-16.) The Lamberts argue that piercing the corporate veil is not itself an action, but merely a procedural means of allowing liability on a substantive claim, and that the Plaintiff has failed to alleged facts sufficient to pierce the corporate veil.

Because corporations are generally treated as "separate legal entities with limited liability," in order to pierce the corporate veil a plaintiff must show "(1) some manner of dominating, abusing, or misusing the corporate form; and (2) an

5

unjust or inequitable result that would arise if the court recognized the separate corporate existence." *Johnson v. Exclusive Props. Unlimited*, 1998 ME 244, ¶¶ 5-6, 720 A.2d 568, 571. It is not necessary to specifically state in a complaint that a plaintiff is seeking to pierce the corporate veil. *See Dineen v. Ward*, NO. CV-04-067, 2005 Me. Super. LEXIS 60, *13 (Me. Super. Mar. 17, 2005) ("[W]hile it is true that the plaintiff must prove the two elements necessary to pierce the corporate veil. . . there is no law in Maine that requires that those two elements be specifically pled in the complaint."); *see also* M.R. Civ. P. 8(a) (a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). However, the complaint must allege some facts that would entitle the Plaintiff to relief under the doctrine of piercing the corporate veil.

To determine whether an officer, director, or shareholder abused the corporate form, courts weigh several factors, including:

> (1) common ownership; (2) pervasive control; (3) confused intermingling of business activity[,] assets, or management; (4) thin capitalization; (5) nonobservance of corporate formalities; (6) absence of corporate records; (7) no payment of dividends; (8) insolvency at the time of the litigated transaction; (9) siphoning away of corporate assets by the dominant shareholders; (10) nonfunctioning of officers and directors; (11) use of the corporation for transactions of the dominant shareholders; [and] (12) use of the corporation in promoting fraud.

*Johnson v. Exclusive Props. Unlimited*, 1998 ME 244, ¶ 7, 720 A.2d 568, 571 (quoting *The George Hyman Constr. Co. v. Gateman*, 16 F. Supp. 2d 129, 149-50 (D. Mass. 1998)).[3] If there are sufficient allegations alleged in a complaint, "[w]hether the corporate form should be disregarded involves questions of fact for a fact-finder

_____

[3] "[T]he twelve factors apply whether the defendant is a corporate shareholder or individual shareholder, although some factors 'may seem better suited to one inquiry than the other.'" *Id.* ¶ 7 n. 3, 720 A.2d at 571 (quoting *The George Hyman Constr. Co.*, 16 F. Supp. 2d at 150).

6

to decide." *Blue Star Corp. v. CKF Props., LLC*, 2009 ME 101, ¶ 43, 980 A.2d 1270, 1280 (citing *Advanced Constr. Corp. v. Pilecki*, 2006 ME 84, ¶ 10, 901 A.2d 189, 195).

Applying these factors, and when viewing the complaint as though the facts alleged were admitted, the court concludes that the complaint adequately alleges sufficient facts to justify the remedy of piercing the corporate veil.

The complaint states the Lamberts voluntarily dissolved Nutramedics, but continue to perform the same work under a new corporate name in order to shelter assets and avoid liability. Additionally, the complaint alleges that an unjust or inequitable result would arise if the court did not pierce the corporate veil. These assertions, read in the context of the entire complaint, are sufficient to state a claim that the Lamberts abused the corporate form.

The Defendants are correct, however, that piercing the corporate veil is not a cause of action, but an equitable remedy. *See Johnson*, 1998 ME 244, ¶ 9, 720 A.2d at 572. Accordingly, the Defendants' motion to dismiss is granted as to Count II. Nevertheless, the determination of whether the corporate veil should be pierced such that the Lamberts should be personally liable on the contract remains an issue of fact. Plaintiff is granted leave to amend the complaint to conform to this Order.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated: 7/13/11

Justice Mary Gay Kennedy
Superior Court

7

Attorney for: ARGO MARKETING GROUP INC
JOSHUA KLEIN-GOLDEN  - RETAINED
CLIFFORD & GOLDEN PA
5 MAPLE STREET
PO BOX 368
LISBON FALLS ME 04252


vs
NUTRAMEDICS INC FNA LOGAN SYSTEMS INC - DEFENDANT
1070 N FLORIDA MANGO RD, SUITE 2
WEST PALM BEACH FL 33409
Attorney for: NUTRAMEDICS INC FNA LOGAN SYSTEMS INC
PETER BENNETT  - WITHDRAWN 01/11/2011
THE  BENNETT LAW FIRM, PA
121 MIDDLE ST SUITE 300
PO BOX 7799
PORTLAND ME 04112-7799


JEREMY LAMBERT  - DEFENDANT


Attorney for: JEREMY LAMBERT
ADAM R LEE  - RETAINED 05/09/2011
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200


BRIAN LAMBERT  - DEFENDANT


Attorney for: BRIAN LAMBERT
ADAM R LEE  - RETAINED 05/09/2011
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2009-00208


DOCKET RECORD


Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 11/10/2009

## Docket Events:

11/10/2009 FILING DOCUMENT - COMPLAINT FILED ON 11/10/2009

11/10/2009 Party(s):  ARGO MARKETING GROUP INC
           ATTORNEY - RETAINED ENTERED ON 11/10/2009
           Plaintiff's Attorney: JOSHUA KLEIN-GOLDEN

11/10/2009 Party(s):  NUTRAMEDICS INC FNA LOGAN SYSTEMS INC
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/29/2009
           THROUGH BRIAN LAMBERT

11/10/2009 Party(s):  NUTRAMEDICS INC FNA LOGAN SYSTEMS INC