William FRAZIER, et al.

v.

**BANKAMERICA
INTERNATIONAL, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 20, 1991.
Decided July 16, 1991.

Norman G. Trask, Currier & Trask, Presque Isle, for plaintiff.

Forrest W. Barnes, Houlton, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

William and Periann Frazier appeal from a judgment entered by the Superior Court (Aroostook County, *Pierson, J.*) dismissing their complaint pursuant to M.R.Civ.P. 12(b)(2) for lack of personal jurisdiction over the defendants. Finding no error or abuse of discretion, we affirm the dismissal.

In September 1986, the Fraziers, both residents of Presque Isle, were involved in an automobile accident in New York City. The complaint alleged that their car was struck from behind by a vehicle owned by defendant BankAmerica International, a corporation with its place of business in New York City. The vehicle was operated by Andrew Atkins, one of BankAmerica's employees and a resident of Bronx, New York. The Fraziers both suffered personal injuries in the accident and incurred hospital, pharmaceutical and chiropractic expenses in Maine as a result of the accident.

The Fraziers' complaint against BankAmerica and Atkins was filed in July 1990, and alleges negligence and seeks compensation for their personal injuries and damage to their property. Service was made upon the defendants in New York pursuant to 14 M.R.S.A. § 704-A(3) (1980) and M.R.Civ.P. 4(e). The defendants moved for dismissal on several grounds, including lack of personal jurisdiction. The action was dismissed on personal jurisdiction grounds and the Fraziers appealed.

On appeal, the Fraziers contend that the Superior Court erred in dismissing their complaint because Maine's Long–Arm Statute provides for jurisdiction over the defendants. We disagree. Maine's Long–Arm Statute, 14 M.R.S.A. § 704-A (1980),[1] is coextensive with the due process clause of the United States Constitution. *Caluri v. Rypkema,* 570 A.2d 830, 831 (Me.1991). In order to satisfy the requirements of due process, before exercising its jurisdiction over an out-of-state defendant, the court must conclude that (1) Maine has a legitimate interest in the subject matter of this action; (2) the defendant, by its conduct, should reasonably have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts would comport with traditional notions of fair play and substantial justice. *Id.; Harriman v. Demoulas Supermarkets, Inc.,* 518 A.2d 1035, 1036 (Me.1986). The plaintiff bears the burden of establishing that Maine has a legitimate interest in the controversy and that the requisite minimum contacts exist such that the defendant should reasonably expect litigation in Maine. *Caluri,* 570 A.2d at 831–32. This showing must be based on specific facts set forth in the record and the record is to be construed in a light most favorable to the plaintiff. *Id.* Once these matters have been established, the burden of proof shifts to the defendant to show that the exercise of jurisdiction does not comport with traditional notions of fair play and substantial justice. *See id.* at 831 n. 2.

---

1. 14 M.R.S.A. § 704-A (1980) provides in relevant part:

**Persons subject to jurisdiction.**

**1. Declaration of purpose.** It is declared, as a matter of legislative determination, that the public interest demands that the State provide its citizens with an effective means of redress against nonresident persons who, through certain significant minimal contacts with this State, incur obligations to citizens entitled to the State's protection. This legislative action is deemed necessary because of technological progress which has substantially increased the flow of commerce between the several states resulting in increased interaction between persons of the State and persons of other states.

This section, to insure maximum protection to citizens of this State, shall be applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the United States Constitution, 14th amendment.

**2. Causes of Action:** Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section.

. . . .

**I.** Maintain any other relation to the State or to persons or property which affords a basis for the exercise of jurisdiction by the courts of this State consistent with the Constitution of the United States.

■ The Fraziers have shown that Maine has a legitimate interest in the litigation since all medical witnesses and creditors are located here and Maine has a legitimate interest in providing its citizens with a means of redress against the nonresident defendants. *See Harriman,* 518 A.2d at 1036–37. The Superior Court correctly concluded, however, that the Fraziers failed to demonstrate that the requisite minimum contacts exist between the defendants and the State of Maine so that defendants should reasonably expect that they would be subject to suit here. *Martin v. Deschenes,* 468 A.2d 618, 619 (Me.1983). The Fraziers have not presented nor have they alleged any facts indicating that the defendants direct any activities to or have any continuing obligation with residents of Maine. "The commission outside the forum state of an act that has consequences in the forum state is by itself an insufficient contact where all the events necessary to give rise to a tort claim occurred outside the forum state." *Id.*

■ Although the Fraziers do not allege in their complaint that either defendant has contacts in Maine beyond their involvement in the accident in which the Fraziers were injured, they contend that through the use of discovery they can demonstrate that defendant BankAmerica has the requisite minimum contacts with Maine.[2] In addition to the nearly four years that passed between the time of the accident and the date they filed suit, the Fraziers had at least four months from the time they secured service on the defendants and the date of the hearing on the defendants' motions to dismiss to conduct discovery on the extent of BankAmerica's contacts in Maine. Their belated request for an opportunity to conduct discovery on the jurisdictional issue, made for the first time in response to the defendants' motions to dismiss, was implicitly rejected by the court when it dismissed the action. We cannot say that the court abused its discretion or otherwise erred in refusing to provide the Fraziers

with a second opportunity to make a prima facie showing of personal jurisdiction.

The entry is:

Judgment affirmed.

All concurring.

2. The Fraziers assert in their brief on appeal, without any specific facts to support their assertion, that BankAmerica is a large corporation involved in international banking and that it is likely that it conducts some business in Maine, either directly or indirectly.