STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-51
REC-CUM-5/24/2004

BOMBARDIER CAPITAL, INC.,

      Plaintiff

    v.

JAMES CHILD

    and

ELIZABETH CHILD

      Defendants

ORDER ON DEFENDANTS'
MOTION TO DISMISS

DONALD L. GARBRECHT
LAW LIBRARY

JUN 8 2004

This matter is before the court on the motion of the defendants to dismiss the

plaintiff's complaint for lack of personal jurisdiction pursuant to M.R. Civ. P. 12(b)(2).

## BACKGROUND

The plaintiff's complaint alleges the following: The plaintiff is in the financial

service business providing, *inter alia*, floor plan and fleet financing to businesses,

including businesses in Maine. On or about July 1, 1998, Family Values, Inc. ("Family

Values"), a Maine corporation, applied to the plaintiff for financial services. Because of

the lack of an established credit history, and pursuant to its normal policy, the plaintiff

required that any indebtedness incurred, or to be incurred, by Family Values as a result

of its Maine operations, be guaranteed by others.

The defendants, for consideration, agreed to guarantee full and complete

performance of the debts of Family Values, all of which were expected to be incurred in

Cumberland County, Maine, and to that end, on or about August 11, 1998, executed and delivered to the plaintiff their written personal guarantee. Thereafter, in reliance upon the defendants' guarantee, the plaintiff advanced sums of money to Family Values for the purpose of enabling it to purchase and finance a fleet of rental vehicles.

On or about June 1, 2001, Family Values went out of business, leaving an indebtedness to the plaintiff in excess of $90,000.00. The plaintiff has made due demand upon the defendants to honor their guarantees and to pay their indebtedness, but the defendants have neglected and refused to pay the same. The guarantee agreement provides for full repayment, including reasonable attorneys fees. It is from this premise that the plaintiff alleges its breach of contract claim and demands judgment against the defendants, jointly and severally, for money damages for costs, interest, attorney fees and other relief.

## DISCUSSION

### I. Standard of Review

The exercise of personal jurisdiction is permissible as long as it is consistent with the Due Process Clause of the Federal Constitution. 14 M.R.S. § 704-A (2003); Suttie v. Sloan Sales, 1998 ME 121, ¶ 4, 711 A.2d 1285, 1286 (citing Mahon v. East Moline Metal Prods., 579 A.2d 255, 256 (Me. 1990)). For Maine to exercise personal jurisdiction over a nonresident defendant, "due process requires that (1) Maine have a legitimate interest in the subject matter of [the] litigation; (2) the defendant, by his conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice." Id. (quoting Murphy v. Keenan, 667 A.2d 591, 593 (Me. 1995)).

The plaintiff bears the burden of establishing the first two of these prongs. Id. (citing Murphy, 667 A.2d at 594). The plaintiff's showing in opposition to a motion to dismiss must be based on specific facts set forth in the record. Dorf v. Complastik Corp., 1999 ME 133, ¶ 13, 735 A.2d 984, 988 (citation and quotation omitted). "This means that [the] plaintiff must go beyond the pleadings and make affirmative proof." Id. (citations and quotations omitted). In addition, the record should be construed in a light most favorable to the plaintiff. Frazier v. Bankamerica Int'l, 593 A.2d 661, 662 (Me. 1991). Once the plaintiff makes this requisite showing, the burden shifts to the defendant to establish that asserting jurisdiction does not comport with traditional notions of fair play and substantial justice. Id.

## II. Maine's Interest in the Subject Matter of the Litigation

In the present case, the court finds that Maine has a legitimate interest in the subject matter of this litigation. The Law Court has held that while Maine has a justifiable interest in providing effective means of redress for its residents, "an interest beyond mere citizenship is necessary such as protection of its industries, safety of its workers, or location of witnesses and creditors within its borders." Murphy, 667 A.2d at 594 (citations and quotations omitted). Here, Maine has a legitimate interest in this litigation because Family Values is a Maine Corporation and several of the primary witnesses for this case are located within its borders. Therefore, the first prong of the personal jurisdiction test is satisfied.

## III. Defendants' Contacts With Maine

The second prong of the analysis requires the court to assess the contacts between the defendants and Maine. Due process requires that the defendants have sufficient

3

contact with Maine to reasonably subject them to this jurisdiction. See id; Interstate Food Processing Corp. v. Pellerito Foods, Inc., 622 A.2d 1189, 1192 (Me. 1993). "Contacts that result solely from the unilateral activity of another party do not satisfy the minimum contacts requirement." Murphy, 667 A.2d at 594 (citations and quotations omitted). Rather, Maine's long-arm statute requires that the defendant purposefully avail himself of "the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. (citations and quotations omitted).

The State's long-arm statute provides, in pertinent part:

Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

A. The transaction of any business within the State;

**************************************

F. Contracting to supply services or things within this State;

**************************************

H. Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this State.

14 M.R.S.A. 704-A(2)(H) (2003).

The record in this case, *when viewed in a light most favorable to the plaintiff*, indicates that the defendants submitted themselves to Maine's jurisdiction under section 704-A(2)(H) and could reasonably have anticipated litigation in Maine. Specifically, the record indicates that Family Values was incorporated in Maine. See J. Child Dep. at 16, lines 10-11. In addition, it shows that the defendants were acting as directors of Family Values on April 9, 2001. See Pl.'s Ex. 17 (listing defendants as directors of Family

4

Values on Family Values' 2001 Annual Report). Finally, it indicates that the cause of action arises out of the defendants signing a personal guarantee in favor of Bombardier Capital while acting in their capacities as officers of Family Values. See J. Child Dep. at 29, lines 6-9 & 30 at 1-7; E. Child Dep. at 9, lines 20-22 & at 11, lines 12-15; Pl.'s Ex. A.

The defendants argue that they could not have anticipated litigation in Maine because the cause of action arises out of credit extended through Family Value's second application for a line of credit from Bombardier, see J. Child Aff. ¶ 18; E. Child Aff. ¶ 18, which was completed when they were no longer affiliated with Family Values. See J. Child Aff. ¶ 9; E. Child Aff. ¶ 9. However, the court notes that the record evidence, viewed in the light most favorable to the plaintiff, does not support the defendants' position. The record indicates that Family Values began using the credit extended by Bombardier sometime in August 2000. See J. Child Aff. ¶ 18; E. Child Aff. ¶ 18. In addition, the record indicates that the defendants were still associated with Family Values as directors in April 2001. See Pl.'s Ex. 17.

The June 12, 2000 letter supplied by the defendants in support of their position that they were not affiliated with Family Values at the time when credit was extended does not establish that the defendants were not officers or directors of Family Values in June of 2000. See Defs.' Ex. B. Rather, the letter states that the defendants "are no longer with Family Values" and reasons that because both James and Elizabeth Child are employed elsewhere, they no longer have an affiliation with Family Values. See id. Further, although the letter states that Carey and Sharon Davis were the only owners of the business, with Carey serving as President, is does not state that the defendants have resigned from their officer and/or director roles. See id. In addition, the court notes

5

that James Child's own deposition testimony and the plaintiff's exhibit 13 contradict the statement in the letter that James Child was not an owner of Family Values on June 12, 2000. See Pl.'s Ex. 13; J. Child Dep. at 24.

In addition, although the defendants allege the existence of a second line of credit application, the defendants have not produced this document, nor have they offered affidavits from Carey and Sharon Davis, who allegedly contacted Bombardier about the second line of credit from Bombardier. Furthermore, the June 12, 2000 letter allegedly written by James Child to Ms. Weed, a Bombardier representative, says nothing about a second line of credit application or removing the defendants as guarantors from a credit application. See Defs.' Ex. B. Similarly, the defendants have not produced a letter from Ms. Weed evidencing any of the alleged conversations between the parties regarding the defendants' withdrawal as guarantors, nor, as James Child concedes in his deposition, do the defendants have any records of the alleged calls that were made to Ms. Weed from their home in Connecticut. See J. Child Dep. at 42, lines 6-7.

Viewing the facts in the record in the light most favorable to the plaintiff for the purposes of the pending motion to dismiss, see Frazier, 593 A.2d at 662, the court finds that there is a sufficient basis to conclude that the defendants availed themselves of Maine's jurisdiction through their actions as officers and/or directors of Family Values. See 14 M.R.S.A. 704-A(2)(H).[1] Accordingly, the second prong of the personal jurisdiction test has been satisfied.

---

[1] The plaintiff asserts that the defendants are subject to Maine's jurisdiction not only because the cause of action arises out of the defendants' actions as officers and/or directors of Family Values, but also because the cause of action arises out of business transacted by the defendants within

6

IV.     Fair Play and Substantial Justice

The court also concludes that the defendants have not met their burden of proving that Maine's exercise of jurisdiction would not comport with "traditional notions of fair play and substantial justice." See Snell v. Bob Fisher Enters., 115 F. Supp. 2d 17, 20 (D. Me. 2000). In determining this third prong of the test for personal jurisdiction, the court looks at

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

See Jet Wine & Spirits, Inc. v. Bacardi & Co., 298 F.3d 1, 11 (1st Cir. 2002) (citation and quotation omitted).

In the present case, the defendants have made no suggestion that litigating in Maine would be "so gravely difficult and inconvenient" that they would be at a "severe disadvantage." See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985); Interstate, 622 A.2d at 1192; Caluri v. Rypkema, 570 A.2d 830, 831 (Me. 1990) cert. denied, 498 U.S. 818 (1990). Rather, the record indicates that the defendants travel to Maine several times a year to visit with family anyway, see E. Child Dep. at 9, lines 1-11, and that the defendants have friends and family in Maine that they stay with when they come to Maine. See E. Child Dep. at 13, lines 16-25 & at 14 lines 1-9. In addition, the record indicates that James Child was willing to travel to Maine on a regular basis to

---

Maine and out of the defendants contracting to supply services or things within the State. Without reaching these latter assertions, the court finds that the plaintiff has clearly satisfied the second prong of the personal jurisdiction test through evidence that the cause of action has arisen out of the defendants' actions in their capacities as officers and/or directors of Family Values.

help establish Family Values. See J. Child Dep. at 34 lines 7-10. Hence, it should be no more difficult for him to travel to Maine to litigate.

Second, Maine has an interest in adjudicating this dispute. Although the extent of the defendants' contacts with Maine are relatively small, "less extensive activity is required where the cause of action arises out of or in connection with the defendant's forum-related activity," which is the case in the present action. See Electronic Media v. Pioneer Com. of Am., 586 A.2d 1256, 1260 (Me. 1991) (citing Harrimain v. Demoulas Supermarkets, Inc., 518 A.2d 1035, 1038 (Me. 1986)).

Third, the defendants have not shown that the plaintiff's interest in obtaining convenient and effective relief would not be compromised by dismissal. The plaintiff has an interest in obtaining relief through this court; the plaintiff's view of its interest is demonstrated by its choice to bring suit here.

Fourth, the judicial system's interest in obtaining the most effective resolution of the controversy can be satisfied in Maine. Although Bombardier Capital is incorporated in Massachusetts and has its primary place of business in Vermont, it does business in Maine and several of the witnesses for this action are located in Maine.

And finally, the defendants have adverted to no substantive social policy that would be undermined by allowing the suit to go forward in Maine. See Donatelli v. Nat'l Hockey League, 893 F.2d 459, 472 (1st Cir. 1990).

## DECISION

Based upon the foregoing, and pursuant to M. R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

8

Defendants Motion to Dismiss is DENIED.

Dated at Portland, Maine this 21st day of May 2004.

_____
Robert E. Crowley
Justice, Superior Court

BOMBARDIER CAPITAL, INC. - PLAINTIFF

Attorney for: BOMBARDIER CAPITAL, INC.
CHARLES GILBERT III
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339


vs
JAMES CHILD  - DEFENDANT

Attorney for: JAMES CHILD
MATTHEW P MASTROGIACOMO
ISAACSON & RAYMOND
PO BOX 891
75 PARK STREET
LEWISTON ME 04243-0891

Attorney for: JAMES CHILD
VISITING ATTORNEY
VISITING ATTORNEY
-
-   -


ELIZABETH CHILD  - DEFENDANT

Attorney for: ELIZABETH CHILD
MATTHEW P MASTROGIACOMO
ISAACSON & RAYMOND
PO BOX 891
75 PARK STREET
LEWISTON ME 04243-0891

Attorney for: ELIZABETH CHILD
VISITING ATTORNEY
VISITING ATTORNEY
-
-   -

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2003-00511


**DOCKET  RECORD**