STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        DOCKET NO. CV-09-406
                                        Ri C · C j fn - ./ll2s><o

MICHELLE HASSE and THOMAS
J. DIBIASE, on behalf of minor
child, TRAINER DIABIASE,
        Plaintiff
                                        ORDER ON BAXI S.p.A.'s
v.                                      MOTION TO DISMISS

DOWNEAST ENERGY CORP.,
BAXI S.p.A., MARATHON INT'L,
PORTLAND WINNELSON, CO.,
COASTAL WINAIR, CO., and JIM
GODBOUT PLUMBING & HEATING, CO.,
        Defendants.

## BEFORE THE COURT

Defendant Baxi S.p.A.[1] (hereinafter "Baxi") has filed a motion to dismiss

for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Maine Rules of

Civil Procedure. Plaintiffs Michelle Hasse and Tom Dibiase, on behalf of his

minor child Trainer Dibiase, oppose Baxi's motion. Plaintiffs have filed a Motion

for limited jurisdictional discovery in the event that the court finds the evidence

insufficient for the Plaintiffs to establish personal jurisdiction over Baxi.

## STATEMENT OF FACTS

Plaintiffs filed suit[2] against Defendants Baxi, Marathon International

(hereinafter "Marathon"), Downeast Energy Corporation, Portland Winnelson

Co., Jim Godbout Plumbing & Heating, Inc., and Coastal Winair Company.

Michelle Hasse is the mother of Trainer Dibiase. Tom Dibiase is Trainer's father.

The Plaintiffs are Maine residents. On December 7, 2009, Michelle Hasse and her

---

[1] S.p.A is an Italian abbreviation for Società Per Azioni, which means shared company.
[2] Plaintiffs filed the Complaint on July 8, 2009, and the court accepted Plaintiffs' First
Amended Complaint on January 11, 2010.

1

then ten-year old son Trainer were found unconscious in Michelle's apartment in South Portland, Maine. Medical testing revealed that Michelle and Trainer were both exposed to carbon monoxide. Plaintiffs allege that an investigation of Michelle's apartment revealed that the vent pipe on the Baxi Luna HT 330 boiler in Michelle's apartment had become completely detached and the boiler was emitting carbon monoxide directly into the apartment. Plaintiffs allege Michelle Hasse and Trainer Dibiase sustained significant brain injuries due to carbon monoxide poisoning as a result of the negligence of the Defendants. Plaintiffs' claims against Baxi include negligence (Count II), strict liability – products liability (Count IV), and negligent failure to warn (Count V).

Baxi is a company that is organized under the laws of Italy, and is based in Italy. Baxi is engaged in the business of designing and manufacturing boilers and other heating systems, including the Luna HT 330 wall mounted combination boiler at issue in this suit. Baxi does not sell its products directly to consumers in the United States. Instead Baxi has a sales agreement with Marathon, a company based in Ontario, Canada, which makes Marathon the exclusive distributor of Baxi products in North America. Among other things, the sales agreement provides: (1) Marathon is granted exclusive right to sell Baxi products, and in return agreed to not sell the products of Baxi competitors; (2) Marathon assumes title to Baxi's products on the day the products are shipped; (3) Marathon is required to issue quarterly reports to Baxi to inform Baxi of the state of the market, consumer tastes, and competitor's initiatives; (4) Marathon is required to inform Baxi of all changes to applicable laws and regulations pertinent to the sale of Baxi's products; (5) Baxi may supply advertising materials to Marathon and Baxi must approve all advertising materials used by Marathon

2

and may share in the costs of such materials; and (6) the sales agreement sets minimum purchase targets that increase yearly at a rate of 110% of the previous year's target unless agreed to otherwise by the parties.

The Baxi Luna boiler is designed and approved for sale in the United States. The Baxi Luna manual provides installation instructions specific to boilers installed in the United States. Baxi also maintains a website that is accessible by anyone, including Maine consumers and installers. On the Baxi website consumers can access product information and installers can obtain technical support and shop for spare parts. Maine consumers interested in purchasing a Baxi product are provided Marathon's contact information. However, those interested in contacting Baxi may do so directly by providing their information and submitting an online inquiry.

As the distributor for Baxi, Marathon places Baxi's products in Maine through its Maine distributors. From the Fall of 2005 to March 2008, Defendant Coastal Winair was one of Marathon's distributors of Baxi products in the State of Maine. From 2005 to present, Defendant Portland Winnelson has distributed Baxi products in Maine for Marathon. Baxi's Managing Director admits that Baxi knows Marathon targets Maine as a market for Baxi products.

Plaintiffs allege that Baxi derives a significant financial benefit from sales in Maine. Defendant Coastal Winair states that it sold 479 Baxi Luna boilers between the Fall of 2005 and March 2008. Defendant Portland Winnelson states that from 2005 to present it has sold approximately 300 Baxi Luna boilers. Plaintiffs estimate that since 2005, the gross sales for the Baxi Luna boiler from two Maine dealers is approximately $2.2 million. Baxi disputes the Plaintiffs' gross sales estimate, and points out that the Plaintiffs do not provide invoices,

3

and rely solely on Portland Winnelson's and Coastal Winair's responses to Plantiffs' interrogatories.

Baxi argues that (1) Maine does not have a legitimate state interest in the Plaintiffs' action against it; (2) it does not have sufficient contacts with Maine to satisfy the requirement of due process; and (3) the assertion of personal jurisdiction over Baxi would not comport with traditional notions of fair play and substantial justice. Baxi does not have any offices, employees, real estate, or manufacturing and distributing facilities in Maine. Baxi claims that it does not market, sell products or ship goods directly to Maine customers; it has never entered into a contract with any entity located in Maine; and also that it is not obligated to perform any warranty work or after-sales service for its products because warranty work is handled by Marathon. Additionally, Baxi argues that it has not established a distribution network that serves Maine, and that all distribution to Maine is handled by Marathon.

## DISCUSSION

### 1. Standard of Review

On a motion to dismiss, the court must view the facts alleged in the complaint as if they were admitted. *Fortin v. Roman Catholic Bishop of Portland*, 2005 ME 57, ¶ 10, 871 A.2d 1208, 1213. Courts commonly rule on motions to dismiss for lack of personal jurisdiction prior to trial without resort to an evidentiary hearing. *Dorf v. Complastik Corp.*, 1999 ME 133, ¶ 13, 735 A.2d 984, 988. A plaintiff opposing such a motion must base that opposition on "specific facts set forth in the record . . . ." *Id.* "This means that [the] plaintiff must go beyond the pleadings and make affirmative proof." *Id.* (internal quotations omitted). "This showing may be made by affidavit or otherwise." *Id.* When the

4

court decides a motion to dismiss for lack of personal jurisdiction on the pleadings and affidavits of the parties, the plaintiff is only required to make a prima facie case that the court has jurisdiction. *Id.*, ¶ 14, 735 A.2d 988-89. Under these circumstances, the plaintiff's written allegations of jurisdictional facts are construed in its favor.

## 2. Personal Jurisdiction Analysis

"Maine's long arm statute, 14 M.R.S. ¶ 704-A, and the due process clause of Maine's Constitution, Me. Const, art I, § 6-A, control determinations of personal jurisdiction over nonresident defendants." *Harmon, v. Causeway Automotive, LLC*, 2007 Me. Super. LEXIS 201, * 4 (Sept. 28, 2007) (Crowley, J.). "Maine's jurisdictional reach is coextensive with the due process clause of the United States Constitution." *Id.* citing *Murphy v. Keenan*, 667 A.2d 591, 593 (Me. 1995).

The long-arm statute provides citizens of Maine with "an effective means of redress against non-resident persons, who through certain significant minimal contacts with this State, incur obligations to citizens entitled to the state's protection." 14 M.R.S. § 704-A(1). The long-arm statute provides:

> Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts.

14 M.R.S. § 704-A(2). Among the enumerated acts are transacting business in the State of Maine and causing a tortious act within the State. *Id.* The catch-all provision of the Statute provides for jurisdiction over persons who "[m]aintain any other relation to the State or to persons or property which affords a basis for

the exercise of jurisdiction by the courts of this State consistent with the Constitution of the United States." 14 M.R.S. § 704-A(2)(I).

Personal jurisdiction must comport with the requirements of due process. In order to exercise personal jurisdiction over a nonresident defendant, "due process requires that (1) Maine have a legitimate interest in the subject matter of [the] litigation; (2) the defendant, by his conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice." *Murphy*, 667 A.2d at 593.

### A. Maine's Legitimate Interest in the Subject Matter of the Litigation

Maine has a legitimate interest in "providing its citizens with a means of redress against nonresidents," but an interest "beyond mere citizenry is necessary" for Maine to assert jurisdiction over a nonresident defendant. *Murphy*, 667 A.2d at 594. Such interests include "protection of its industries, the safety of its workers, or the location of witnesses . . . within its borders." *Id.* Maine courts have found a legitimate interest in the subject matter of the litigation where the product of a manufacturer from Finland caused a fire in Maine and all investigations into the fire took place in Maine, *Total Fitness, Inc. v. Finlandia Sauna Products, Inc.*, 2006 Me. Super. LEXIS 226, *10-11 (Oct. 12, 2006) (Crowley, J.); where a Maine fisherman sued a Florida marine engine manufacturer alleging the engine he purchased was defective, *Coffin v. Daytona Marine Engine*, 1997 Me. Super. LEXIS 301, *6 (Oct. 3, 1997) (Saufley, J.); and where a resident plaintiff was injured out of state while "engaged in activities in the course of trade that is essential to Maine's economy" and whose injuries were treated in Maine, such

6

that relevant medical records and witnesses were located in Maine, *Harriman v. Demoulas Supermarkets, Inc.*, 518 A.2d 1035, 1036-37 (Me. 1986).

Baxi argues that the Plaintiffs are unable to show that Maine has a legitimate interest for maintaining this action in Maine.[3] This prong requires an analysis of whether Maine has any reason to be involved in the litigation other than that its citizens are the plaintiffs. *Total Fitness*, 2006 Me. Super. LEXIS 226, *11. As Plaintiffs argue, Maine has a legitimate interest in this litigation. The boiler allegedly malfunctioned in Michelle Hasse's South Portland apartment leading to carbon monoxide poisoning and the Plaintiffs' injuries. The Plaintiffs are Maine residents and Maine is the location of many of the witnesses necessary for this case. Additionally, as alleged by Plaintiffs, at least 779 Baxi boilers have been purchased in the State of Maine, potentially placing Maine's citizens at risk. All of these factors support the conclusion that Maine has a legitimate interest in this litigation.

### B. Could Baxi Have Reasonably Anticipated Litigation in Maine?

The second prong of the personal jurisdiction analysis requires that a defendant have sufficient minimum contacts with Maine such that it would be reasonable to require the defendant to defend the suit in the State of Maine as a result of its conduct. *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622

---

[3] In support of its claim that Maine lacks a legitimate interest in the subject matter of this suit, Baxi cites *Frazier v. Bankamerica Int'l*, 593 A.2d 661 (Me. 1991), for the proposition that citizenship, "even where medical witnesses and creditors were located in Maine" was not enough for a determination of a legitimate state interest. Baxi, Motion at 11. Baxi misstates the Law Court's conclusions. In *Frazier*, the Law Court determined that Maine had a legitimate interest in the subject of the suit because "all medical witnesses and creditors are located here in Maine." *Frazier*, 593 A.2d at 663. The Law Court, however, determined that the defendants did not have sufficient minimum contacts with the State of Maine for personal jurisdiction to be asserted. *Id.*

A.2d 1189, 1192 (Me. 1993). In order to be reasonable, the defendant must have "purposely avail[ed] itself of the privilege of conducting activities in the forum State, thus invoking the benefits and protections of its laws." *Interstate Food Processing Corp.*, 622 A.2d at 1192 citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75, 105 S. Ct. 2174, 2183 (1985). In Maine, purposeful availment occurs when a defendant "purposefully directs his *activities* at Maine residents or creates continuing *obligations* between himself and the residents [of Maine]." *Murphy*, 667 A.2d at 594 (internal quotation marks omitted) (emphasis added). "An act that would have created sufficient minimum contacts for jurisdiction if done by a defendant is sufficient if done by a defendant's agent." *Total Fitness, Inc.*, 2006 Me. Super. LEXIS 226, * 11 citing *Sohn v. Bernstein*, 279 A.2d 529, 538 (Me. 1971).

"In product liability actions, the bare assertion that a nonresident put its defective product into the stream of commerce, without more, is insufficient for Maine courts to assert personal jurisdiction." *Total Fitness, Inc.*, 2006 Me. Super. LEXIS 226, *12 (internal quotation marks omitted). "Rather, it must appear the nonresident intentionally and actively participated in the act or activity that put the defective article in Maine." *Id.* (internal quotation marks omitted). In contrast, a Maine court could not assert personal jurisdiction over a non-resident defendant in a breach of contract case in *Architectural Woodcraft Co. v. Read*, 464 A.2d 210 (Me. 1983). In *Architectural Woodcraft*, the defendant purchased a product from a Maine manufacturer, and communicated with the manufacturer by phone and mail. *Architectural Woodcraft Co.*, 464 A.2d at 213. The Law Court held that "[t]he existence of a single contract with a resident plaintiff coupled with the use of interstate communications does not establish a basis for asserting jurisdiction over a non-resident defendant." *Id.*

8

Precedent supports finding personal jurisdiction where a nonresident manufacturer supplies its products to Maine consumers through distributors. In *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 107 S. Ct. 1026 (1987), Justice O'Connor, writing on behalf of a plurality of the Supreme Court, stated:

> The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed towards the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.

*Asahi*, 480 U.S. at 112. Citing *Asahi*, the Federal District Court for the District of Maine found personal jurisdiction existed over a non-resident defendant who manufactured pigments in *Unicomp v. Harcros Pigments, Inc.*, 994 F. Supp. 24 (D. Me. 1998). The defendant manufacturer had no sales agent, no offices, and did not directly market to any customers in Maine. However, the defendant supplied its products to several distributors throughout New England and had knowledge that the distributor's sales territories included Maine. *Unicomp*, 994 F. Supp. at 27. In analyzing the manufacturer's contacts, the court in *Unicomp* concluded that "by arranging to have a distributor, if not several of them, whose sales territory will include the forum state, a manufacturer evinces at the very least an intent to serve the market in the forum state." *Id.* The court also noted that "[t]he function of the purposeful availment requirement is to ensure that a nonresident defendant is not haled into the forum based on random, isolated or fortuitous contacts" and concluded that there is "nothing random, isolated, or

fortuitous about a manufacturer's relationship with distributors whose sales territories include the forum state." *Id.* (internal citations omitted).

Similarly, in *Total Fitness*, this court found that the Finnish manufacturer, Harvia, was subject to Maine's jurisdiction where Harvia's contacts with Maine arose through its relationship with its Oregon based importer/distributor, Finlandia. *Total Fitness, Inc.*, 2006 Me. Super. LEXIS 226, * 14-16. This court concluded that Harvia's contacts with Maine were not "random, isolated, or fortuitous" and held:

> Finlandia has sold products in Maine on multiple occasions. Because of this, Harvia knew, or should have known that Finlandia might sell Harvia products in Maine. Harvia cannot reap the benefits of sales made by an intermediary that repeatedly conducts business with Maine residents and then claim that it has not purposefully availed itself of the benefits of doing business [in Maine].

*Id.* at 16-17.

The evidence does not support Baxi's argument that it has not established a distribution network that serves Maine. Baxi and Marathon had a continuing business relationship, in which Marathon was Baxi's exclusive North American distributor, and Baxi admits that it knew Marathon targeted Maine's market as a sales territory. Through Baxi's sales agreement with Marathon, Baxi receives sales reports from Marathon and is actively engaged in Marathon's advertising efforts. Marathon's sales show that Baxi's contacts with Maine are not "random, isolated or fortuitous." As a result of this distribution arrangement Baxi has been able to sell approximately 779 Luna boilers similar to the boiler at issue in this case. It is unpersuasive for Baxi to argue that it has not purposefully availed itself to the privilege of conducting business in Maine when it has reaped a significant benefit from sales to Maine's residents through its arrangement with

Marathon. Based on the facts and the caselaw, subjecting Baxi to Maine's jurisdiction is appropriate.

### C. Does Jurisdiction Comport with Traditional Notions of Fair Play and Substantial Justice?

Under the third prong of the due process test, a defendant is required to prove that the exercise of personal jurisdiction would not comport with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S. Ct. 154 (1945). In determining this third prong of the test for personal jurisdiction, the court looks at

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

*Jet Wine & Spirits, Inc. v. Bacardi & Co.*, 298 F.3d 1, 11 (1st Cir. 2002) (citation and quotation omitted). Baxi argues that it would be difficult and unfair for Baxi to have to defend this suit in Maine, and that Baxi would be at a severe disadvantage in comparison to the Plaintiffs. The court disagrees.

In weighing these factors, traditional notions of fair play are not violated by the exercise of jurisdiction over Baxi by Maine's courts. As previously stated, Maine has an interest in providing a forum to adjudicate this dispute. Plaintiffs are Maine citizens who were allegedly injured by Baxi's product, Maine has an interest in protecting its citizens from defective products, and most of the witnesses and evidence are located in Maine. The Plaintiffs' interest in obtaining convenient and effective relief is closely related to the judiciary's interest in obtaining an efficient resolution to this suit. If this case were to proceed without Baxi, then it may be necessary for Plaintiffs to initiate a new suit in Italy, a forum

11

that is clearly inconvenient to the Plaintiffs and witnesses. While it may be an inconvenience for Baxi to defend this litigation in Maine, that inconvenience to Baxi is true of any forum in the United States.

Therefore the entry is:

Baxi's motion to dismiss for lack of personal jurisdiction is DENIED.

Dated at Portland, Maine this _____/$^{st}$_____ day of ___June___, 2010.

Robert E. Crowley
Justice, Superior Court

12

MICHELLE HAASE  - PLAINTIFF

Attorney for: MICHELLE HAASE
TERRENCE GARMEY  - RETAINED 07/08/2009
SMITH ELLIOTT SMITH & GARMEY
7 CUSTOM HOUSE STREET
PO BOX 442
PORTLAND ME 04112-0442

Attorney for: MICHELLE HAASE
KEITH R JACQUES  - RETAINED 07/08/2009
SMITH ELLIOTT SMITH & GARMEY
199 Main Street
PO Box 1179
SACO ME 04072

Attorney for: MICHELLE HAASE
JOSHUA D HADIARIS  - RETAINED 07/08/2009
SMITH ELLIOTT SMITH & GARMEY
199 Main Street
PO Box 1179
SACO ME 04072

Attorney for: MICHELLE HAASE
DANIEL KLEBAN  - RETAINED 07/08/2009
SMITH ELLIOTT SMITH & GARMEY
7 CUSTOM HOUSE STREET
PO BOX 442
PORTLAND ME 04112-0442

THOMAS J DIBIASE (OBO TRAINER DIBIASE)  - PLAINTIFF

Attorney for: THOMAS J DIBIASE (OBO TRAINER DIBIASE)
TERRENCE GARMEY  - RETAINED 07/08/2009
SMITH ELLIOTT SMITH & GARMEY
7 CUSTOM HOUSE STREET
PO BOX 442
PORTLAND ME 04112-0442

Attorney for: THOMAS J DIBIASE (OBO TRAINER DIBIASE)
KEITH R JACQUES  - RETAINED 07/08/2009
SMITH ELLIOTT SMITH & GARMEY
199 Main Street
PO Box 1179
SACO ME 04072

Attorney for: THOMAS J DIBIASE (OBO TRAINER DIBIASE)
JOSHUA D HADIARIS  - RETAINED 07/08/2009
SMITH ELLIOTT SMITH & GARMEY
199 Main Street
PO Box 1179
SACO ME 04072

Attorney for: THOMAS J DIBIASE (OBO TRAINER DIBIASE)
DANIEL KLEBAN  - RETAINED 07/08/2009
SMITH ELLIOTT SMITH & GARMEY

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2009-00406

DOCKET RECORD

                    Printed on: 06/03/2010

7 CUSTOM HOUSE STREET
PO BOX 442
PORTLAND ME 04112-0442


vs
DOWNEAST ENERGY CORPORATION - DEFENDANT
C/O SANDRA MORRELL ROONEY AGNT, 18 SPRING STREET
BRUNSWICK ME 04011
Attorney for: DOWNEAST ENERGY CORPORATION
DAVID HERZER   - RETAINED 08/07/2009
NORMAN HANSON & DETROY
415 CONGRESS STREET
PO BOX 4600
PORTLAND ME 04112-4600


BAXI HEATING UK LTD-DISMISSED 1-11-10 - DEFENDANT
C/O MARTICA S DOUGLAS ESQ, 103 EXCHANGE STREET
PORTLAND ME 04112
Attorney for: BAXI HEATING UK LTD-DISMISSED 1-11-10
ANTHONY D PELLEGRINI   - RETAINED 11/02/2009
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401


MARATHON INTERNATIONA - DEFENDANT
C/O MARTICA S DOUGLAS ESQ, 103 EXCHANGE STREET
PORTLAND ME 04112
Attorney for: MARATHON INTERNATIONA
MARTICA DOUGLAS   - RETAINED 08/07/2009
DOUGLAS DENHAM BUCCINA & ERNST
103 EXCHANGE ST
PO BOX 7108
PORTLAND ME 04112


PORTLAND WINNELSON CO - DEFENDANT
C/O CORPORATION SERVICE CO, 45 MEMORIAL CIRCLE
AUGUSTA ME 04330
Attorney for: PORTLAND WINNELSON CO
ELIZABETH GERMANI   - RETAINED 08/27/2009
GERMANI MARTEMUCCI  RIGGLE & HILL
43 DEERING STREET
PORTLAND ME 04101


Attorney for: PORTLAND WINNELSON CO
TRACY HILL   - RETAINED 08/27/2009
GERMANI MARTEMUCCI  RIGGLE & HILL
43 DEERING STREET
PORTLAND ME 04101


JIM GODBOUT PLUMBING AND HEATING INC - DEFENDANT
C/O KEITH R JACQUES ESQ, PO BOX 1179

07/08/2009 Party(s): MICHELLE HAASE
         ATTORNEY - RETAINED ENTERED ON 07/08/2009
         Plaintiff's Attorney: JOSHUA D HADIARIS

07/08/2009 Party(s): MICHELLE HAASE
         ATTORNEY - RETAINED ENTERED ON 07/08/2009
         Plaintiff's Attorney: DANIEL KLEBAN

07/08/2009 Party(s): THOMAS J DIBIASE (OBO TRAINER DIBIASE)
         ATTORNEY - RETAINED ENTERED ON 07/08/2009
         Plaintiff's Attorney: TERRENCE GARMEY

07/08/2009 Party(s): THOMAS J DIBIASE (OBO TRAINER DIBIASE)
         ATTORNEY - RETAINED ENTERED ON 07/08/2009
         Plaintiff's Attorney: KEITH R JACQUES

07/08/2009 Party(s): THOMAS J DIBIASE (OBO TRAINER DIBIASE)
         ATTORNEY - RETAINED ENTERED ON 07/08/2009
         Plaintiff's Attorney: JOSHUA D HADIARIS

07/08/2009 Party(s): THOMAS J DIBIASE (OBO TRAINER DIBIASE)
         ATTORNEY - RETAINED ENTERED ON 07/08/2009
         Plaintiff's Attorney: DANIEL KLEBAN

07/08/2009 Party(s): TRAINER DIBIASE
         ATTORNEY - RETAINED ENTERED ON 07/08/2009
         Attorney: TERRENCE GARMEY

07/08/2009 Party(s): TRAINER DIBIASE
         ATTORNEY - RETAINED ENTERED ON 07/08/2009
         Attorney: KEITH R JACQUES

07/08/2009 Party(s): TRAINER DIBIASE
         ATTORNEY - RETAINED ENTERED ON 07/08/2009
         Attorney: JOSHUA D HADIARIS

07/08/2009 Party(s): TRAINER DIBIASE
         ATTORNEY - RETAINED ENTERED ON 07/08/2009
         Attorney: DANIEL KLEBAN

07/08/2009 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 07/08/2009

07/08/2009 Party(s): DOWNEAST ENERGY CORPORATION
         SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 07/08/2009
         UPON DOWNEAST ENERGY CORPORTION.  (MH)

07/08/2009 Party(s): PORTLAND WINNELSON CO
         SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 07/08/2009
         UPON PORTLAND WINNELSON COMPANY.  (MH)

07/08/2009 Party(s): COASTAL WINAIR COMPANY
         SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 07/08/2009